* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I of the Discussion.
[EDITORS' NOTE: TEXT NOT CERTIFIED FOR PUBLICATION APPEARS WITH GRAY BACKGROUND BELOW.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 124 
 OPINION
In this case, we discuss the obligation of a trial court clerk to accurately record the sentence pronounced by the judge in a criminal proceeding. Here, the court clerk included in the minutes and the abstract of judgment some provisions that were not in the judge's pronouncement of sentence. This was error, which was compounded by the fact the judge erroneously sentenced defendant on a count for which he was not convicted. We also shall address the judge's remark, on the record and in open court, that this court is a "kangaroo court."
In the unpublished part of our opinion, we conclude that the question whether the judge coerced defendant into pleading guilty must be raised via a *Page 125 
petition for writ of habeas corpus because the judge denied defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)[1]
For present purposes, this case began in this court when counsel appointed for defendant filed an opening brief that set forth the facts of the case, informed this court he found no arguable issues in favor of defendant, and requested this court to review the record and determine whether there were any arguable issues on appeal. (See People v. Wende (1979)25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) As is required by Wende, this court reviewed the record and then asked the parties to brief the following issues:
1. Did the trial court coerce defendant into entering the plea agreement and, if so, is the trial court so permitted?
2. Must defendant obtain a certificate of probable cause (§ 1237.5) in order to raise the issue of being coerced by the court into entering a plea agreement?
3. Assuming for the sake of argument the trial court coerced the plea, does defendant want to withdraw his plea or is he satisfied with the plea bargain reached with the trial court?
4. Did the clerk err in recording that defendant entered a plea of no contest to count 3 (Veh. Code, § 23152, subd. (a)) and/or that defendant admitted an enhancement pursuant to section 969?
5. Did the trial court err in sentencing defendant on count 3 (Veh. Code, § 23152, subd. (a))?
6. Did the clerk err in compiling minutes of the trial court's sentencing (see, e.g., People v. Mesa (1975)14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337]) by including in the minutes of October 3, 2005, the following matters that were not part of the oral pronouncement of sentence:
A. "CONDITIONAL SENTENCE GRANTED FOR 3 YRS; AS TO COUNT 3. [¶] OBEY ALL LAWS, [¶] DO NOT COMMIT SAME OR SIMILAR OFFENSE"
B. "DEFENDANT ORDERED TO PAY FINE OF $2,150.00 INCLUDING PENALTY ASSESSMENT, IF ANY, AS TO COUNT 3" *Page 126 
C. "DEFENDANT TO PAY $100.00 RESTITUTION FINE"
D. "PLUS $10.00 ADMINISTRATIVE SURCHARGE FOR RESTITUTION FINE — RESTITUTION FUND COLLECTION FEE"
E. "DEFENDANT TO SERVE 76 DAYS IN CUSTODY CONCURRENT IN LIEU OF FINE"
F. "DEFENDANT TO PAY RESTITUTION FINE OF $200.00 PURSUANT TO PC 1202.4 COLLECTED BY CDC"
G. "PURSUANT TO PC 1202.45, THE COURT IMPOSES AN ADDITIONAL RESTITUTION FINE OF $200.00 SAID FINE TO BE SUSPENDED UNLESS PAROLE IS REVOKED"
7. Did the clerk err in preparing the abstract of judgment (seePeople v. Mesa, supra, 14 Cal.3d 466, 471 [rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it]) in including the $200 restitution fine, the $200 parole revocation fine or the statement that defendant was placed on "3 YEARS CONDITIONAL PROBATION; PAY $2,260.00 AS TO COUNT 3 — SERVE 76 DAYS IN CONCURRENT IN LIEU OF FINE"?
8. At the September 19, 2005, change of plea proceedings, the trial court stated, "Oh that's right. You can't offend the kangaroos up there in kangaroo court." What court was the "kangaroo court" referred to by the trial court?
After reviewing the supplemental briefs, we conclude that the record is replete with errors.
 BACKGROUND
Defendant Donald Louis Zackery was charged in count 1 with assault with a deadly weapon, to wit, a car, upon a police officer (§ 245, subd. (c)), in count 2 with evading a pursuing police officer with damage to property (Veh. Code, § 2800.2, subd. (b)), and in count 3 with driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)). The information also alleged defendant had two prior serious or violent felony convictions (strikes) within the meaning of section 667, subdivisions (b) through (i), and section 1170.12. Defendant initially pled not guilty to the charges. *Page 127 
On September 19, 2005, defendant entered a negotiated plea of no contest to assault with deadly weapon on a police officer and evading a pursuing police officer. He also admitted having sustained two prior strikes. As part of the plea agreement, it was understood that the trial court would dismiss one of his prior strikes and defendant would receive a term of six years in state prison.
The trial court dismissed one of defendant's strikes and sentenced him to an aggregate term of six years in state prison. Defendant's driver's license was permanently revoked (§ 245, subd. (c)) and he was awarded 594 days of custody credit.
Defendant appealed, but his request for a certificate of probable cause was denied. (§ 1237.5.)
 DISCUSSION I Was There Judicial Coercion of the Plea? A trial judge may not become involved in plea negotiations to the extent that the judge coerces a guilty plea. (See People v. Sandoval (2006) 140 Cal.App.4th 111, 123-125.)
 The change of plea proceedings began with the following colloquy:
 "THE COURT: How are you doing today, Don?
 "THE DEFENDANT: Alive. Trying to do all right.
 "THE COURT: Don, you know what I've offered you in this case, don't you? Low-term double, strike one strike. You're facing 25 to life. The 245(C) isn't that strong a count, but the 2800.2 is open and shut. You were going through red lights and stop signs, 50 miles an hour. I mean, there's not a jury anywhere that's not going to convict you.
 "Do you want to spend the rest of your life in prison?
 "THE DEFENDANT: No, not really, I mean —
 "THE COURT: Well, then, you should take the four year offer.
 "[Prosecutor]: Four, I thought it was six years.
 "THE COURT: It's low-term, doubled. What's low-term?
 "[Defense Counsel]: Well, low-term is three.
 "THE COURT: Then it is six years.
 "Six is still better than life. I mean, I think it's a no[-]brainer.
 "[Discussion of work credits]
 "THE COURT: So, you'd have to do four years, eight months on a six-year sentence, Don. And you already have one and a half years in. You have a year of actual credit, half a year of good time credit.
 "So, what do you want to do, get out when you're close to 70, or get out when you're 51? That's your choice. And on the 2800.2, you don't have a defense, Don.
 "[Defense Counsel]: See, I think that's the problem. You know, I think what's hard for him is to accept the fact that he'd have to plead guilty to the 245(C). And we do at least have a shot there pleading that way.
 "THE COURT: You have a shot at the 245(C), but you don't have anything at the 2800.2. So you can do as much time on either one of them."
 Defense counsel then asked the trial court if sentencing could be put off for a brief time. The trial court agreed to put off sentencing for a couple of weeks and then asked defendant what he wanted to do. Defense counsel indicated defendant was prepared to withdraw his not guilty pleas and plead no contest to all counts.
 In response to our request for supplemental briefing, defendant contends his plea was coerced and indicates he wishes to withdraw it. The parties correctly acknowledge, however, that defendant needs a certificate of probable cause to challenge his plea on appeal and that his request for a certificate of probable cause was denied by the trial court. (See People v. Panizzon (1996) 13 Cal.4th 68, 76 [issues going to validity of plea require compliance with section 1237.5].) Accordingly, his appellate counsel filed a simultaneous request to expand his appointment to include the filing of a petition for writ of habeas corpus in either this court or in the trial court.
 By separate order, the Presiding Justice has granted defendant's appellate counsel's request to expand his appointment for purposes of filing a petition for writ of habeas corpus in the superior court. Should defendant file such a writ petition, it shall be adjudicated by a judge other than Judge K. Peter Saiers.
 II Clerical Error in Minutes of Plea Change
Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (People v. Mitchell
(2001) 26 Cal.4th 181, 185-186 [109 Cal.Rptr.2d 303,26 P.3d 1040]; People v. Mesa, supra, 14 Cal.3d at p. 471.)
Here, although defense counsel indicated defendant would be pleading no contest to all three counts, defendant pled no contest only to assault with a deadly weapon on a police officer (count 1) and evading a pursuing police officer (count 2). Defendant did not change his not guilty plea to the charge of driving under the influence (count 3), nor was he otherwise convicted on that count. *Page 128 
Nevertheless, the trial court clerk recorded in the minutes that "DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 3." Likewise, defendant did not, as "recorded" by the clerk, admit an enhancement pursuant to section 969. Indeed, section 969 is a drafting and notice provision, not an enhancement. Both of these notations must be stricken from the minutes.
"The reason for requiring a minute entry of the judgment in a criminal case is to furnish a concise record showing the crime of which the defendant has been convicted and the punishment imposed, which will protect him against a subsequent prosecution for the same offense. [Citations.]" (People v.Blackman (1963) 223 Cal.App.2d 303, 307 [35 Cal.Rptr. 761]; see also People v. Wilshire Ins. Co. (1977)67 Cal.App.3d 521, 532 [136 Cal.Rptr. 693].) Here, the clerk's minutes do not reflect what occurred at the change of plea hearing. Accordingly, we order the minutes corrected to strike the statements that defendant entered a plea of no contest to count 3 (Veh. Code, § 23152, subd. (a)) and that defendant admitted an enhancement pursuant to section 969. (People v.Rowland (1988) 206 Cal.App.3d 119, 123 [253 Cal.Rptr. 190] [appellate court has authority to correct such clerical errors]; see also People v. Hartsell (1973) 34 Cal.App.3d 8, 13
[109 Cal.Rptr. 627].)
 III Sentencing Error
At the October 3, 2005, sentencing hearing, the trial court imposed sentence on count 3, as follows: "Defendant also having been convicted of [Veh. Code, §] 23152(a), the imposition of sentence is suspended for three years informal probation and on the condition he does not drive without a valid California driver's license after consuming alcoholic beverages or without insurance, [¶] The fine of $2,200 is going to run concurrent[ly] to the six-year sentence that's just been imposed."
However, defendant did not change his not guilty plea on count 3 for violation of Vehicle Code section 23152 and was not convicted on that count. As the parties agree, defendant's sentence on count 3 was unauthorized. Accordingly, we vacate the sentence imposed on count 3. (People v. Smith
(2001) 24 Cal.4th 849, 854 [102 Cal.Rptr.2d 731, 14 P.3d 942] [an unauthorized *Page 129 
sentence may be corrected at any time whether or not there was an objection below].)
 IV Clerical Errors in Minutes of Sentencing
"With certain exceptions not applicable here [citations] judgment and sentence in felony cases may be imposed only in the presence of the accused." (In re Levi (1952)39 Cal.2d 41, 45 [244 P.2d 403].) Thus, section 1193 provides in pertinent part, "Judgment upon persons convicted of commission of crime shall be pronounced as follows: [¶] (a) If the conviction is for a felony, the defendant shall be personally present when judgment is pronounced against him or her unless [certain exceptions apply]. . . ."
"`Rendition of judgment is an oral pronouncement.'" (Peoplev. Mesa, supra, 14 Cal.3d at p. 471.)
"A judgment includes a fine. A restitution fine is a fine." (People v. Hong (1998) 64 Cal.App.4th 1071, 1080
[76 Cal.Rptr.2d 23], approved in People v. Mitchell,supra, 26 Cal.4th 181, 185-186.)
In this case, the trial court clerk unlawfully included in the minutes of defendant's sentencing various matters, including a number of fines, that were never orally imposed by the trial judge in the presence of the defendant. These matters are:
A. "CONDITIONAL SENTENCE GRANTED FOR 3 YRS; AS TO COUNT 3. [¶] OBEY ALL LAWS, [¶] DO NOT COMMIT SAME OR SIMILAR OFFENSE"
B. "DEFENDANT ORDERED TO PAY FINE OF $2,150.00 INCLUDING PENALTY ASSESSMENT, IF ANY, AS TO COUNT 3"
C. "DEFENDANT TO PAY $100.00 RESTITUTION FINE"
D. "PLUS $10.00 ADMINISTRATIVE SURCHARGE FOR RESTITUTION FINE — RESTITUTION FUND COLLECTION FEE"
E. "DEFENDANT TO SERVE 76 DAYS IN CUSTODY CONCURRENT IN LIEU OF FINE" *Page 130 
F. "DEFENDANT TO PAY RESTITUTION FINE OF $200.00 PURSUANT TO PC 1202.4 COLLECTED BY CDC"
G. "PURSUANT TO PC 1202.45, THE COURT IMPOSES AN ADDITIONAL RESTITUTION FINE OF $200.00 SAID FINE TO BE SUSPENDED UNLESS PAROLE IS REVOKED"
The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment. (See People v. Hartsell, supra,34 Cal.App.3d at pp. 13-14.) As explained above, the clerk's minutes must accurately reflect what occurred at the hearing. Of the above items, only the first two were pronounced orally by the trial court, although even those were not accurately recorded. This error is immaterial because we are vacating the sentence on count 3.
Items "C," "D," and "E" above must be stricken from the minutes as they do not reflect the judgment the court pronounced. (SeePeople v. Rowland, supra, 206 Cal.App.3d at pp. 123-124
[appellate court struck from clerk's minutes and abstract of judgment restitution orders not pronounced by the trial court].)
The People admit that the $200 restitution fine (§ 1202.4) and the $200 parole revocation fine (§ 1202.45) listed in items "F" and "G" were not included in the trial court's oral pronouncement of sentence on counts other than count 3. However, the People argue the fines are mandatory fines and, therefore, we may presume the trial court subsequently corrected its judgment pursuant to section 1202.46[2] to impose the omitted fines and caused the clerk to correct the minutes. We disagree.
Assuming section 1202.46 authorizes a court, on its own motion, to request correction, at any time, of a sentence omitting a restitution fine, the statute does not speak to the procedure to be used in making the correction. That procedure is found in section 1193 and related case law, cited above, requiring that judgment be pronounced orally in the presence of the defendant. Nothing in section 1202.46 purports to alter this procedure. *Page 131 
There is a practical reason for requiring that a restitution fine be imposed in the presence of the defendant. The trial court can decline to impose the section 1202.4 restitution fine, and the corresponding section 1202.45 fine, if it finds compelling and extraordinary reasons for not doing so and states the reasons on the record. (§ 1202.4, subd. (b).) When a restitution fine is imposed in the absence of the defendant, the defendant has no opportunity to address the propriety of imposing the fine or its amount.
The restitution fines could not be simply added to the judgment later outside defendant's presence.[3]
As the record stands now, the minute order of the sentencing hearing does not reflect the judgment as it was imposed. Items "F" and "G" above (the restitution fines) must be stricken from the minutes as they do not reflect the judgment the court pronounced and were not later lawfully imposed.
As we have mentioned, subdivision (b) of section 1202.4 requires imposition of a restitution fine "unless [the trial court] finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (§ 1202.4, subd. (b), italics added.) Here the trial court did not state any reasons on the record. We shall therefore remand the case to the trial court to determine whether to impose restitution fines.
 V Clerical Error in Abstract of Judgment
The trial court clerk also erred in preparing the abstract of judgment. Rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it. (People v. Mesa, supra, 14 Cal.3d at p. 471.)
Here, the trial court clerk erred in including the $200 restitution fine (§ 1202.4), the $200 parole revocation fine (§ 1202.45) and the statement that defendant was placed on "3 YEARS CONDITIONAL PROBATION; PAY $2,260.00 AS TO COUNT 3 — SERVE 76 DAYS IN CONCURRENT IN LIEU OF FINE." All of these items, except the three years conditional probation, must be stricken as not comporting with the oral pronouncement of *Page 132 
judgment. The conditional probation must also be stricken, however, as an unauthorized sentence since it was imposed on count 3, for which defendant was never convicted.
 VI Trial Court's Kangaroo Court Remarks
During the change of plea hearing, after the court explained the "offer" that the court would dismiss one strike and impose the low term of three years, doubled, for assault with a deadly weapon on a peace officer, defendant's counsel indicated defendant was prepared to withdraw his not guilty pleas and enter no contest pleas as to all counts.
The trial court, Judge K. Peter Saiers presiding, then asked the prosecutor, "You're going to dismiss Count Two, aren't you?" The prosecutor responded, "No, it's a strike case." To this, Judge Saiers replied, "Oh, that's right. You can't offend the kangaroos up there in kangaroo court."
This was a pejorative remark. Thus, Webster's dictionary defines "kangaroo court" as follows: "kangaroo court n
(1853) 1: a mock court in which the principles of law and justice are disregarded or perverted 2: a court characterized by irresponsible, unauthorized, or irregular status or procedures 3: judgment or punishment given outside of legal procedure." (Webster's 11th Collegiate Dict. (2006) p. 681.)
But the first question is: To what court was Judge Saiers referring?
The kangaroos are described as being "up there." This implies a higher court than the trial court — higher in the sense that the "higher" court reviews the work of the trial court. As a practical matter, that leaves the Court of Appeal for the Third Appellate District and the California Supreme Court. We will give Judge Saiers the benefit of the doubt and assume he was referring to this court, not the Supreme Court.
In making his "kangaroo court" remark, on the record in open court, Judge Saiers violated canon 1 of the Code of Judicial Ethics, which provides as pertinent: "A JUDGE SHALL UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY, [¶] An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code are to be construed and applied to further that objective." (Cal. Code Jud. Ethics, canon 1.) *Page 133 
But it is appropriate to study the context of the "kangaroo court" remark more closely.
It appears that Judge Saiers was chafing at the possibility that this court would find legal error if the prosecutor dismissed a count to reach a plea bargain.
The prosecutor apparently had in mind that dismissal of a count would violate section 1192.7, subdivision (a), which provides:
"Plea bargaining in any case in which the indictment orinformation charges any serious felony, . . . or any offense ofdriving while under the influence of alcohol, drugs, narcotics, or any other intoxicating substance, or any combination thereof, is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence." (§ 1192.7, subd. (a)(2), italics added.)
In this case, we have not been asked to determine, and we do not determine, whether dismissal of count 2 would have resulted in an unlawful plea bargain under subdivision (a) of section 1192.7. It is sufficient to note that the prosecutor apparently thought the bargain would be unlawful, and Judge Saiers apparently thought this court might declare the bargain unlawful.
Reading a little between the lines, it appears that Judge Saiers's "kangaroo court" remark was provoked by his frustration at not being able to dispose of a pending case in a way he thought sensible. It would appear that, in his eyes, this court was a naive, ivory-tower obstructionist, oblivious to the real-world problems of trial courts faced with staggering caseloads.
This view is not accurate.
As former trial judges, we have all experienced the stressful crush of pending cases. We are also aware of the desperate plight of the San Joaquin County Superior Court, which, until recently, had not been allocated a new judicial position in two decades, despite significant population increases and rising caseloads. (Meath, New Judges for San Joaquin County?
XXI Across the Bar (Sept. 2006) p. 9.)[4] *Page 134 
But trial judges must understand this overarching fact about the Court of Appeal: despite our awareness of and sympathy for your plight, we have no warrant to disregard the law. Rather, we have all taken an oath to enforce it.
And so, if a trial judge violates the law, even in the name of short-term efficiency, matters are simply made worse. Things have to be done again. More lawyers must be hired, more judges involved, more transportation of prisoners, etc. All at taxpayer expense. It is more expensive to do things twice than to do them once correctly. The truth of the matter is that Judge K. Peter Saiers has wasted taxpayers' dollars.
 DISPOSITION
The judgment is modified to strike the sentence on count 3 for violation of Vehicle Code section 23152, subdivision (a). As modified, the judgment is affirmed.
The trial court is directed to prepare amended minutes of the September 19, 2005, change of plea hearing to delete any reference to defendant's having entered a plea of no contest to count 3 (Ven. Code, § 23152, subd. (a)) and to defendant's having admitted an enhancement pursuant to Penal Code section969.
The trial court is further directed to prepare amended minutes of the October 3, 2005, sentencing hearing to make the following corrections: delete reference to a $100 restitution fine; delete reference to a $10 administrative surcharge for a restitution fine; delete reference to 76 days in custody; delete reference to a $200 restitution fine pursuant to Penal Code section1202.4; and delete reference to a $200 parole revocation fine pursuant to Penal Code section 1202.45.
The case is remanded to the superior court for consideration of whether to impose restitution fines pursuant to Penal Code sections 1202.4 and 1202.45. Following such consideration, the superior court shall prepare an amended abstract of judgment, reflecting the views set forth in this opinion, and shall forward a certified copy of the same to the Department of Corrections and Rehabilitation.
Scotland, P. J., concurred.
[1] Undesignated statutory references are to the Penal Code.
[2] Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."
[3] Section 1202.41, subdivision (a)(1) provides that where a defendant is incarcerated in state prison, a hearing to "impose or amend a restitution order" may be conducted by electronic audio video communication in certain circumstances. We express no view with respect to whether "a restitution order" includes imposition of restitution fines. (§ 1202.41.)
[4] San Joaquin County's desperate need for judges led that court's presiding judge to plead for more judges as follows: "I don't care if they're Martians — if they've gotten through law school and have been lawyers for 10 years and have gotten through the process to be deemed qualified as judges, we want them." (Meath, supra, p. 9.) *Page 135