[No. C051431. Third Dist. Feb. 1, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LOUIS ZACKERY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

_____

*Pursuant to California Rules of court, rule 8.1110, this opinion is certified for publication with the exception of part I of the Discussion.

## COUNSEL

William Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves and Michael P. Farrell, Assistant Attorneys General, J. Robert Jibson and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—In this case, we discuss the obligation of a trial court clerk to accurately record the sentence pronounced by the judge in a criminal proceeding. Here, the court clerk included in the minutes and the abstract of judgment some provisions that were not in the judge's pronouncement of sentence. This was error, which was compounded by the fact the judge erroneously sentenced defendant on a count for which he was not convicted. We also shall address the judge's remark, on the record and in open court, that, "[y]ou can't offend the kangaroos up there in kangaroo court."

In the unpublished part of our opinion, we conclude that the question whether the judge coerced defendant into pleading guilty must be raised via a petition for writ of habeas corpus because the judge denied defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)[1]

For present purposes, this case began in this court when counsel appointed for defendant filed an opening brief that set forth the facts of the case, informed this court he found no arguable issues in favor of defendant, and

---

[1] Undesignated statutory references are to the Penal Code.

requested this court to review the record and determine whether there were any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) As is required by *Wende*, this court reviewed the record and then asked the parties to brief the following issues:

1. Did the trial court coerce defendant into entering the plea agreement and, if so, is the trial court so permitted?

2. Must defendant obtain a certificate of probable cause (§ 1237.5) in order to raise the issue of being coerced by the court into entering a plea agreement?

3. Assuming for the sake of argument the trial court coerced the plea, does defendant want to withdraw his plea or is he satisfied with the plea bargain reached with the trial court?

4. Did the clerk err in recording that defendant entered a plea of no contest to count 3 (Veh. Code, § 23152, subd. (a)) and/or that defendant admitted an enhancement pursuant to section 969?

5. Did the trial court err in sentencing defendant on count 3 (Veh. Code, § 23152, subd. (a))?

6. Did the clerk err in compiling minutes of the trial court's sentencing (see, e.g., *People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337]) by including in the minutes of October 3, 2005, the following matters that were not part of the oral pronouncement of sentence:

A. "CONDITIONAL SENTENCE GRANTED FOR 3 YRS; AS TO COUNT 3. [¶] OBEY ALL LAWS. [¶] DO NOT COMMIT SAME OR SIMILAR OFFENSE"

B. "DEFENDANT ORDERED TO PAY FINE OF $2,150.00 INCLUDING PENALTY ASSESSMENT, IF ANY, AS TO COUNT 3"

C. "DEFENDANT TO PAY $100.00 RESTITUTION FINE"

D. "PLUS $10.00 ADMINISTRATIVE SURCHARGE FOR RESTITUTION FINE—RESTITUTION FUND COLLECTION FEE"

E. "DEFENDANT TO SERVE 76 DAYS IN CUSTODY CONCURRENT IN LIEU OF FINE"

F. "DEFENDANT TO PAY RESTITUTION FINE OF $200.00 PURSU-ANT TO PC 1202.4 COLLECTED BY CDC"

G. "PURSUANT TO PC 1202.45, THE COURT IMPOSES AN ADDI-TIONAL RESTITUTION FINE OF $200.00 SAID FINE TO BE SUS-PENDED UNLESS PAROLE IS REVOKED"?

7. Did the clerk err in preparing the abstract of judgment (see *People v. Mesa, supra,* 14 Cal.3d 466, 471 [rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it]) in including the $200 restitution fine, the $200 parole revocation fine or the statement that defendant was placed on "3 YEARS CONDITIONAL PROBATION; PAY $2,260.00 AS TO COUNT 3—SERVE 76 DAYS IN CONCURRENT [*sic*] IN LIEU OF FINE"?

8. At the September 19, 2005, change of plea proceedings, the trial court stated, "Oh that's right. You can't offend the kangaroos up there in kangaroo court." What court was the "kangaroo court" referred to by the trial court?

After reviewing the supplemental briefs, we conclude that the record is replete with errors.

## BACKGROUND

Defendant Donald Louis Zackery was charged in count 1 with assault with a deadly weapon, to wit, a car, upon a police officer (§ 245, subd. (c)), in count 2 with evading a pursuing police officer with damage to property (Veh. Code, § 2800.2, subd. (b)), and in count 3 with driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)). The information also alleged defendant had two prior serious or violent felony convictions (strikes) within the meaning of section 667, subdivisions (b) through (i), and section 1170.12. Defendant initially pled not guilty to the charges.

On September 19, 2005, defendant entered a negotiated plea of no contest to assault with a deadly weapon on a police officer and evading a pursuing police officer. He also admitted having sustained two prior strikes. As part of the plea agreement, it was understood that the trial court would dismiss one

of his prior strikes and defendant would receive a term of six years in state prison.

The trial court dismissed one of defendant's strikes and sentenced him to an aggregate term of six years in state prison. Defendant's driver's license was permanently revoked (§ 245, subd. (c)) and he was awarded 594 days of custody credit.

Defendant appealed, but his request for a certificate of probable cause was denied. (§ 1237.5.)

## DISCUSSION

### I

### *Was There Judicial Coercion of the Plea?*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### *Clerical Error in Minutes of Plea Change*

■ Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 [109 Cal.Rptr.2d 303, 26 P.3d 1040]; *People v. Mesa, supra,* 14 Cal.3d at p. 471.)

Here, although defense counsel indicated defendant would be pleading no contest to all three counts, defendant pled no contest only to assault with a deadly weapon on a police officer (count 1) and evading a pursuing police officer (count 2). Defendant did not change his not guilty plea to the charge of driving under the influence (count 3), nor was he otherwise convicted on that count.

Nevertheless, the trial court clerk recorded in the minutes that "DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 3." Likewise, defendant did not, as "recorded" by the clerk, admit an enhancement pursuant to section 969. Indeed, section 969 is a drafting and notice

---

provision, not an enhancement. Both of these notations must be stricken from the minutes.

■ "The reason for requiring a minute entry of the judgment in a criminal case is to furnish a concise record showing the crime of which the defendant has been convicted and the punishment imposed, which will protect him against a subsequent prosecution for the same offense. [Citations.]" (*People v. Blackman* (1963) 223 Cal.App.2d 303, 307 [35 Cal.Rptr. 761]; see also *People v. Wilshire Ins. Co.* (1977) 67 Cal.App.3d 521, 532 [136 Cal.Rptr. 693].) Here, the clerk's minutes do not reflect what occurred at the change of plea hearing. Accordingly, we order the minutes corrected to strike the statements that defendant entered a plea of no contest to count 3 (Veh. Code, § 23152, subd. (a)) and that defendant admitted an enhancement pursuant to section 969. (*People v. Rowland* (1988) 206 Cal.App.3d 119, 123 [253 Cal.Rptr. 190] [appellate court has authority to correct such clerical errors]; see also *People v. Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].)

### III

#### *Sentencing Error*

At the October 3, 2005, sentencing hearing, the trial court imposed sentence on count 3, as follows: "Defendant also having been convicted of [Vehicle Code section] 23152(a), the imposition of sentence is suspended for three years informal probation and on the condition he does not drive without a valid California driver's license after consuming alcoholic beverages or without insurance. [¶] The fine of $2,200 is going to run concurrent[ly] to the six-year sentence that's just been imposed."

■ However, defendant did not change his not guilty plea on count 3 for violation of Vehicle Code section 23152 and was not convicted on that count. As the parties agree, defendant's sentence on count 3 was unauthorized. Accordingly, we vacate the sentence imposed on count 3. (*People v. Smith* (2001) 24 Cal.4th 849, 854 [102 Cal.Rptr.2d 731, 14 P.3d 942] [an unauthorized sentence may be corrected at any time whether or not there was an objection below].)

### IV

#### *Clerical Errors in Minutes of Sentencing*

■ "With certain exceptions not applicable here [citations] judgment and sentence in felony cases may be imposed only in the presence of the

accused." (*In re Levi* (1952) 39 Cal.2d 41, 45 [244 P.2d 403].) Thus, section 1193 provides in pertinent part, "Judgment upon persons convicted of commission of crime shall be pronounced as follows: [¶] (a) If the conviction is for a felony, the defendant shall be personally present when judgment is pronounced against him or her, unless [certain exceptions apply] . . . ." (§ 1193.)

■ " 'Rendition of judgment is an oral pronouncement.' " (*People v. Mesa, supra*, 14 Cal.3d at p. 471.)

■ "A judgment includes a fine. A restitution fine is a fine." (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080 [76 Cal.Rptr.2d 23], approved in *People v. Mitchell, supra*, 26 Cal.4th 181, 185–186.)

In this case, the trial court clerk unlawfully included in the minutes of defendant's sentencing various matters, including a number of fines, that were never orally imposed by the trial judge in the presence of defendant. These matters are:

A. "CONDITIONAL SENTENCE GRANTED FOR 3 YRS; AS TO COUNT 3. [¶] OBEY ALL LAWS. [¶] DO NOT COMMIT SAME OR SIMILAR OFFENSE"

B. "DEFENDANT ORDERED TO PAY FINE OF $2,150.00 INCLUDING PENALTY ASSESSMENT, IF ANY, AS TO COUNT 3"

C. "DEFENDANT TO PAY $100.00 RESTITUTION FINE"

D. "PLUS $10.00 ADMINISTRATIVE SURCHARGE FOR RESTITUTION FINE—RESTITUTION FUND COLLECTION FEE"

E. "DEFENDANT TO SERVE 76 DAYS IN CUSTODY CONCURRENT IN LIEU OF FINE"

F. "DEFENDANT TO PAY RESTITUTION FINE OF $200.00 PURSUANT TO PC 1202.4 COLLECTED BY CDC"

G. "PURSUANT TO PC 1202.45, THE COURT IMPOSES AN ADDITIONAL RESTITUTION FINE OF $200.00 SAID FINE TO BE SUSPENDED UNLESS PAROLE IS REVOKED."

■ The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of

judgment. (See *People v. Hartsell, supra,* 34 Cal.App.3d at pp. 13–14.) As explained above, the clerk's minutes must accurately reflect what occurred at the hearing. Of the above items, only the first two were pronounced orally by the trial court, although even those were not accurately recorded. This error is immaterial because we are vacating the sentence on count 3.

Items "C," "D," and "E" above must be stricken from the minutes as they do not reflect the judgment the court pronounced. (See *People v. Rowland, supra,* 206 Cal.App.3d at pp. 123–124 [appellate court struck from clerk's minutes and abstract of judgment restitution orders not pronounced by the trial court].)

The People admit that the $200 restitution fine (§ 1202.4) and the $200 parole revocation fine (§ 1202.45) listed in items "F" and "G" were not included in the trial court's oral pronouncement of sentence on counts other than count 3. However, the People argue the fines are mandatory fines and, therefore, we may presume the trial court subsequently corrected its judgment pursuant to section 1202.46[2] to impose the omitted fines and caused the clerk to correct the minutes. We disagree.

Assuming section 1202.46 authorizes a court, on its own motion, to request correction, at any time, of a sentence omitting a restitution fine, the statute does not speak to the procedure to be used in making the correction. That procedure is found in section 1193 and related case law, cited above, requiring that judgment be pronounced orally in the presence of the defendant. Nothing in section 1202.46 purports to alter this procedure.

▉ There is a practical reason for requiring that a restitution fine be imposed in the presence of the defendant. The trial court can decline to impose the section 1202.4 restitution fine, and the corresponding section 1202.45 fine, if it finds compelling and extraordinary reasons for not doing so and states the reasons on the record. (§ 1202.4, subd. (b).) When a restitution

---

[2] Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

fine is imposed in the absence of the defendant, the defendant has no opportunity to address the propriety of imposing the fine or its amount.

The restitution fines could not be simply added to the judgment later outside defendant's presence.[3]

As the record stands now, the minute order of the sentencing hearing does not reflect the judgment as it was imposed. Items "F" and "G" above (the restitution fines) must be stricken from the minutes as they do not reflect the judgment the court pronounced and were not later lawfully imposed.

As we have mentioned, subdivision (b) of section 1202.4 requires imposition of a restitution fine "unless [the trial court] finds compelling and extraordinary reasons for not doing so, *and states those reasons on the record*." (§ 1202.4, subd. (b), italics added.) Here the trial court did not state any reasons on the record. We shall therefore remand the case to the trial court to determine whether to impose restitution fines.

V

*Clerical Error in Abstract of Judgment*

■ The trial court clerk also erred in preparing the abstract of judgment. Rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it. (*People v. Mesa, supra*, 14 Cal.3d at p. 471.)

Here, the trial court clerk erred in including the $200 restitution fine (§ 1202.4), the $200 parole revocation fine (§ 1202.45) and the statement that defendant was placed on "3 YEARS CONDITIONAL PROBATION; PAY $2,260.00 AS TO COUNT 3—SERVE 76 DAYS IN CONCURRENT [*sic*] IN LIEU OF FINE." All of these items, except the three years' conditional probation, must be stricken as not comporting with the oral pronouncement of judgment. The conditional probation must also be stricken, however, as an

---

[3] Section 1202.41, subdivision (a)(1) provides that where a defendant is incarcerated in state prison, a hearing to "impose or amend a restitution order" may be conducted by electronic audio-video communication in certain circumstances. We express no view with respect to whether "a restitution order" includes imposition of restitution fines. (§ 1202.41.)

unauthorized sentence since it was imposed on count 3, for which defendant was never convicted.

## VI

### *Trial Court's Kangaroo Court Remarks*

In the course of our review of the record mandated by *People v. Wende, supra,* 25 Cal.3d 436, we came across the following proceedings in open court: During the change of plea hearing, after the court explained the "offer" that the court would dismiss one strike and impose the low term of three years, doubled, for assault with a deadly weapon on a peace officer, defendant's counsel indicated defendant was prepared to withdraw his not guilty pleas and enter no contest pleas as to all counts.

The trial court, Judge K. Peter Saiers presiding, then asked the prosecutor, "You're going to dismiss Count Two, aren't you?" The prosecutor responded, "No, it's a strike case." To this, Judge Saiers replied, "Oh, that's right. You can't offend the kangaroos up there in kangaroo court."

In our request for supplemental briefing, we asked the parties to address the following question:[4] "At the September 19, 2005, change of plea proceedings, the trial court stated, 'Oh that's right. You can't offend the kangaroos up there in kangaroo court.' What court was the 'kangaroo court' referred to by the trial court?"

In his supplemental brief, defendant's counsel said, "Appellate counsel was not present at the hearing on September 19, 2005, and has no information which would allow him to interpret anything else into 'the cold black and white of a printed record.' (*United States v. Ah Kee Eng* (2[d] Cir. 1957) 241 F.2d 157, 16[1].) Therefore counsel is unable to answer this question."

The Attorney General said (with a footnote omitted): "Respondent speculates that the 'kangaroo court' referred to by the trial court includes all reviewing courts."

---

[4] We could not simply telephone Judge Saiers and ask him what he meant. (See Lapidario, *Who You Calling a Kangaroo?,* S.F. Recorder (Dec. 28, 2006) p. 1 ["Reached [by the reporter on the day our original opinion was filed], Saiers said that the whole thing is a misunderstanding, 'a big mistake.' [¶] 'I knew I was pissing them off,' Saiers said, 'but I wasn't referring to them.' [¶] . . . [¶] 'They wasted a lot of pages,' Saiers said. 'If they wanted to know what I meant, they should've asked me' "].) Government Code section 68070.5, subdivision (a), provides: "When a case is appealed, there shall be no communication direct or indirect between the judge or judicial officer who heard the case and any judge of the reviewing court concerning the facts or merits of the case." (See *Roberts v. Commission on Judicial Performance* (1983) 33 Cal.3d 739, 744, 746–748 [190 Cal.Rptr. 910, 661 P.2d 1064], disapproved on other grounds in *Doan v. Commission on Judicial Performance* (1995) 11 Cal.4th 294, 313, fn. 11 [45 Cal.Rptr.2d 254, 902 P.2d 272].)

Like the Attorney General, we also thought Judge Saiers was referring to a reviewing court. In our original opinion we said:

"The kangaroos are described as being 'up there.' This implies a higher court than the trial court—higher in the sense that the 'higher' court reviews the work of the trial court. As a practical matter, that leaves the Court of Appeal for the Third Appellate District and the California Supreme Court. We will give Judge Saiers the benefit of the doubt and assume he was referring to this court, not the Supreme Court."

We chastised Judge Saiers for having made pejorative remarks about the Court of Appeal in open court.

Shortly after our original opinion was filed, we received the following letter from James P. Willett, the District Attorney of San Joaquin County:

"[Salutation]

"The above-referenced decision [*People v. Zackery* 146 Cal.App.4th 122 [52 Cal.Rptr.3d 736]], filed 12/27/06, contains a factual error which significantly impacts Part VI (*Trial Court's Kangaroo Court Remarks*) of the Court's opinion. At pages 14 and 15, the opinion states:

" 'The trial court, Judge K. Peter Saiers presiding, then asked the prosecutor, "You're going to dismiss Count Two, aren't you?" The prosecutor responded, "No, it's a strike case." To this, Judge Saiers replied, "Oh, that's right. You can't offend the kangaroos up there in kangaroo court." '

"The opinion then defines 'kangaroo court' and determines that it was a pejorative remark before asking, 'To what court was Judge Saiers referring?' The Court determined that by using the phrase 'up there in kangaroo court' Judge Saiers was referring to a 'higher' court, either the Third Appellate District or the California Supreme Court. The opinion graciously gives 'Judge Saiers the benefit of the doubt and assume[s] he was referring to this court, not the Supreme Court.'

"However, that assumption is wrong. Judge Saiers' 'kangaroo court' remark was not referring to either the Third Appellate District nor the California Supreme Court. Judge Saiers was referring to me, or actually to the San Joaquin County District Attorney's 'strike committee.'

"Upon passage of the 'strike' laws in 1994, my office implemented a process for handling strike cases whereby pre-trial settlement offers, if any, on cases alleging prior strikes are authorized by myself. We implemented this 'strike committee' procedure to insure intra-office consistency and prevent abuses of the sentencing scheme. Accordingly, my deputy district attorneys commonly tell trial judges during pre-trial conferences, 'The strike committee authorized me to . . . .'

"Judge Saiers settles a lot of cases, both criminal and civil, that were otherwise headed for trial. Like all good mediators, he has a knack for spotting the strengths and weaknesses of a case and discussing those factors, in plain talk, with the parties. I believe that since the enactment of the strike laws Judge Saiers has been frustrated at times when he has been unable to resolve a criminal case because of the presence of strikes and the reluctance of the deputy district attorney to move for their dismissal. On numerous occasions when the deputy district attorney and the 'strike committee' have balked at Judge Saiers' suggestion to dismiss strikes, Judge Saiers has referred to the district attorney's 'strike committee' as 'the Star Chamber,' the 'Grand Inquisitors,' or the 'Kangaroo Court.' It is typically said with a pointed, but jocular tone and certainly does not offend me or the prosecutors on the strike committee.

"Judge Saiers' courtroom is on the first floor of our courthouse. The District Attorney's offices are on the 2nd, 4th and 5th floors of the courthouse. In the case at bar, I am positive that my 'strike committee' members (and myself) are the 'kangaroos up there in kangaroo court' to whom Judge Saiers referred.

"Very truly yours, [¶] . . . [¶]

"JAMES P. WILLETT

"San Joaquin County District Attorney"

We granted rehearing and treated the District Attorney's letter as an amicus curiae brief. (See Cal. Rules of Court, rule 8.204(e)(2)(C).) We sent the letter to counsel for the parties with the following request for supplemental briefing: "In light of District Attorney Willett's letter, should this court chastise trial Judge K. Peter Saiers for having made pejorative remarks about the Court of Appeal?"

Having considered the supplemental briefing, we now conclude that we should take District Attorney Willett at his word. When Judge Saiers said, "You can't offend the kangaroos up there in kangaroo court," he was not referring to a court at all. Rather, he was referring to the "strike committee" of the San Joaquin County District Attorney's Office.

End of story. (But see Cal. Code Jud. Ethics, canon 1 [a judge "shall personally observe" "high standards of conduct" so that the integrity of the judiciary will be preserved], canon 2A ["A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary"], canon 3B(4) [a judge "shall be patient, dignified, and courteous" to lawyers and others "with whom the judge deals in an official capacity"]; see also Rothman, Cal. Judicial Conduct Handbook (2d ed. 1999) ch. 3, Abuse of Judicial Power, § 3.10, Abusive Conduct Directed Towards Attorneys, pp. 61–62 [directing belittling or demeaning language toward an attorney to indicate the judge's opinion of the attorney's legal position].)

## DISPOSITION

The judgment is modified to strike the sentence on count 3 for violation of Vehicle Code section 23152, subdivision (a). As modified, the judgment is affirmed.

The trial court is directed to prepare amended minutes of the September 19, 2005, change of plea hearing to delete any reference to defendant's having entered a plea of no contest to count 3 (Veh. Code, § 23152, subd. (a)) and to defendant's having admitted an enhancement pursuant to Penal Code section 969.

The trial court is further directed to prepare amended minutes of the October 3, 2005, sentencing hearing to make the following corrections: delete reference to a $100 restitution fine; delete reference to a $10 administrative surcharge for a restitution fine; delete reference to 76 days in custody; delete reference to a $200 restitution fine pursuant to Penal Code section 1202.4; and delete reference to a $200 parole revocation fine pursuant to Penal Code section 1202.45.

The case is remanded to the superior court for consideration of whether to impose restitution fines pursuant to Penal Code sections 1202.4 and 1202.45. Following such consideration, the superior court shall prepare an amended abstract of judgment, reflecting the views set forth in this opinion, and shall forward a certified copy of the same to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Hull, J., concurred.