Filed 7/30/13  P. v. Medina CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM MEDINA,<br><br>    Defendant and Appellant. | A136125<br><br>(Napa County<br>Super. Ct. No. CR161794) |

Defendant William Medina pleaded no contest to one count of misdemeanor battery and one count of felony resisting an executive officer.  On appeal, defendant does not contest the validity of his no contest plea.  Instead, he contends the trial court abused it discretion by requiring defendant to obey any curfew set by the probation department, alleging this condition was unconstitutionally overbroad and unreasonable.  Additionally, defendant contends he is not responsible for certain fees not orally pronounced at the sentencing hearing but contained in the clerk's transcript.  We conclude defendant's appeal is moot to the extent he challenges the probation condition, and order the judgment corrected to reflect the oral pronouncement of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2012, the Napa County District Attorney filed a criminal complaint charging defendant with felony battery on a police officer (count 1—Pen. Code, § 243, subd. (c)(2)),[1] felony resisting an executive officer (count 2—§ 69) and misdemeanor

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

battery (count 3—§ 243, subd. (e)(1)).  It was further alleged that counts 1 and 2 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).  That same day, defendant entered a not guilty plea to all counts.

On June 18, 2012, the complaint was amended to add counts 4, misdemeanor battery against a peace officer (§ 243, subd. (b)) and 5, felony resisting an executive officer (§ 69).  As to count 5, a gang enhancement was also alleged (§ 186.22, subd. (b)(1)(A)).  That same day, defendant agreed to a negotiated disposition and pleaded no contest to counts 4 and 5 and admitted the gang enhancement as to count 5.  The remaining counts were dismissed, however, defendant agreed count 3 could be considered in sentencing.

At the sentencing hearing on July 17, 2012, the trial court suspended imposition of sentence, and placed defendant on three years' formal probation subject to numerous terms and conditions.  One of the conditions, over defendant's objection, was that defendant "obey any curfew set by any Probation Officer."  Additionally, the court imposed a presentence report fee of $560, which it waived, an annual supervision fee not to exceed $240, a $240 restitution fine, another $240 restitution fine which was suspended pending successful completion of probation, an $80 court security fee, and a $60 criminal conviction assessment.

On July 18, 2013, a form entitled "Napa County Superior Court Promise to Appear/CSB Referral"[2] (CSB referral) was filled out, and appears to impose an additional $300 fine and a $35 administrative fee.  The form is not signed with defendant's name, but rather written on the signature line are the words "In Custody."

## DISCUSSION

*The Probation Condition*

By letter dated April 26, 2013, the Attorney General advised the court that defendant's probation had been revoked and he had been sentenced to state prison in connection with two other cases.  Defendant has not objected to the Attorney General's

---

[2]  "CSB" stands for the "California Service Bureau."

letter, nor disputed its substance.  He also has not disagreed with the Attorney General's suggestion his appeal is now moot as it pertains to the challenged probation condition.  We agree this issue is now moot in light of the revocation of his probation and therefore dismiss this part of his appeal.  "An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."  (*In re Montgomery* (2012) 208 Cal.App.4th 149, 160.)

*Fines and Fees*

The Attorney General concedes the trial court did not impose the $300 fine or the $35 administrative fee to which defendant objects.  "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  Here, the CSB referral form is not signed by defendant, nor does the form accurately reflect either the July 17, 2012, minute order or the court's oral pronouncement as to fees and fines.  The court's oral pronouncement controls, and the $300 fine and $35 fee set for in the CSB referral are stricken.

**DISPOSITION**

To the extent defendant has challenged the terms and conditions of his probation, his appeal is dismissed as moot.  The references to an additional $300 fine and $35 administrative fee in the CSB referral are ordered stricken.  In all other respects, the judgment is affirmed.

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.

3