Filed 7/27/16  P. v. Shakir CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR B. SHAKIR,<br><br>    Defendant and Appellant. | 2d Crim. No. B264849<br>(Super. Ct. No. LA076332-01)<br>(Los Angeles County) |

Omar B. Shakir appeals a judgment following his conviction of assault with force likely to produce great bodily injury on Ruben Rodriguez (Pen. Code, § 245, subd. (a)(4))[1] (count 1); assault with force likely to produce great bodily injury on Wilson Lopez (*ibid.*) (count 2); and battery resulting in serious bodily injury to Wilson Lopez (§ 243, subd. (d)) (count 3).  The trial court sentenced him to an aggregate state prison term of six years.  Shakir contends the evidence is insufficient to support a conviction on counts 2 and 3.  We conclude:  1) substantial evidence supports the judgment; and 2) the abstract of judgment is incorrect as it reflects that his conviction was the result of a plea, not a jury trial.  We order the abstract corrected.  In all other respects, we affirm.

FACTS

Ruben Rodriguez and his family lived in an apartment which was above the apartment where Shakir resided.  Shakir complained to Rodriguez on many occasions

---

[1] All statutory references are to the Penal Code.

about the noise Rodriguez's son was making in the upper unit. Rodriguez told Shakir, "[M]y son he's autistic and I cannot stop him from walking around in the apartment. There's nothing I can do . . . ."

On the evening of October 18, 2013, Shakir had a fight with Anthony, the nephew of Rodriguez's wife. Rodriguez saw the fight. He heard his wife telling Shakir and Anthony to "[s]top, stop." Rodriguez went downstairs and physically "separate[d]" Shakir and Anthony.

Later that evening Rodriguez and his friend Wilson Lopez were sitting on a bench in front of the apartment building. Shakir and "his friends" suddenly approached from "the side of the building." Shakir pointed in the direction of Rodriguez and Lopez and said they were "the guys that were messing with [him]." Rodriguez testified that after Shakir's remark, "[t]hey just start[ed] hitting us."

Lopez testified that Shakir pointed in their direction and said "it's them" before Shakir and his companions "started attacking" him and Rodriguez. Shakir was hitting Rodriguez in the head. Two of Shakir's companions attacked Lopez "with their hands and feet." As a result of the beating, Lopez had to undergo surgery. He had a fractured jaw "in two places."

In the defense case, Lopez's 17-year-old daughter Yuri testified that she saw seven minutes of the fight. Yuri was asked, "During the seven minutes of that fight, did you see [Shakir] hit anyone?" She responded, "I didn't see him hit anyone, but I didn't see him trying to stop the fight either." On cross-examination, she said she did not see the entire fight. Shakir did not testify.

### DISCUSSION

*Substantial Evidence*

Shakir contends there is insufficient evidence "to prove that [he] aided and abetted the attack on [Lopez]." We disagree.

In reviewing the sufficiency of the evidence, we must draw all reasonable inferences in support of the judgment. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

2

We do not decide the credibility of the witnesses and we do not weigh the evidence. (*Ibid.*; *People v. Martinez* (2003) 113 Cal.App.4th 400, 412.)

"A person aids and abets the commission of a crime when he or she, (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1164.)

"A battery is any willful and unlawful use of force or violence upon the person of another." (§ 242.) Battery is a general intent crime. (*People v. Lara* (1996) 44 Cal.App.4th 102, 107.) "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) "[A] defendant guilty of assault must be aware of the facts that would lead a reasonable person to realize that a battery would directly, naturally and probably result from his conduct." (*People v. Williams* (2001) 26 Cal.4th 779, 788.) But the defendant "need not be subjectively aware of the risk that a battery might occur." (*Ibid.*) "An assault is an incipient or inchoate battery; a battery is a consummated assault." (*People v. Colantuono* (1994) 7 Cal.4th 206, 216.)

Shakir cites some evidence in the record and claims it shows he did not aid or abet the attack on Lopez. But at this stage, the issue is not whether some evidence supports Skakir's position, it is only whether substantial evidence supports the judgment. We do not decide witness credibility issues or resolve conflicts in the testimony; those are matters for the triers of fact. The jury resolved any conflicts in the evidence against Shakir.

Rodriguez testified that he and Lopez were in front of the building when Shakir and his companions attacked them. Right before the attack, Shakir pointed his hand in their direction and he told his companions that they were "*the guys* that were messing with [him]." (Italics added.) Rodriguez said that right after Shakir's statement, "[t]hey just start[ed] hitting us."

3

Lopez testified that Shakir was pointing in the direction "where we were," and that Shakir said "it's them," and "that's when they started attacking."  Martha McClendon testified she heard Shakir state, "I told you *eses* I'm gonna get you *eses*.  You thought I was playing with you *eses*."  (Italics added.)

From this evidence a trier of fact could reasonably infer Shakir was encouraging his associates to attack both Rodriguez and Lopez.  The evidence is sufficient.  (*People v. Cooper*, *supra*, 53 Cal.3d at p. 1164.)

*The Abstract*

Shakir notes that the abstract of judgment incorrectly indicates that his conviction was the result of a plea.  He and the People claim the abstract must be corrected because his conviction was the result of a jury verdict.  They are correct.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

DISPOSITION

We order the abstract of judgment corrected to reflect that Shakir's conviction was the result of a jury verdict.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

4

Joseph A. Brandolino, Judge

Superior Court County of Los Angeles

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.