Filed 2/19/25  P. v. Cordova CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083489 |
| v. | (Super.Ct.No. FWV22000231) |
| JOSHUA ANDREW CORDOVA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed as modified.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following our remand, the trial court resentenced defendant and appellant Joshua Andrew Cordova.  Cordova then filed a letter requesting that the court correct errors in the calculation of his credits.  The trial court declined to act, so Cordova appeals solely on this issue, and the People concede.  We agree with the parties and accordingly modify Cordova's sentence.

The facts of Cordova's underlying crime are described in our previous opinion (*People v. Cordova* (Sep. 26, 2023, E079842) [nonpub. opn.]) and are not relevant to this appeal.  Cordova was originally sentenced in September 2022.  Following our remand, the trial court resentenced Cordova on March 12, 2024.  It stated:  "Here are the credits I have:  credits as of the original sentence on September 20th of 2024 [*sic*], is 245 actual, 36 conduct, for a total of 281 days.  [¶]  My understanding is that I need to now calculate his actual credits from the time he was in custody to today.  I don't calculate his conduct credits from September 20th of 2022 until today, that's up to the California State Prison."  The court then asked the parties if the court's understanding was correct, and both sides agreed it was.  The court then pronounced judgment on the credits:  "His actual credits will be 784 days actual, and that is from the date of his in date, which was January 9th of 2022, to today's date.  784 actual before that, to CDCR, of course."[1]  It did not award any conduct credits.

---

[1]  As Cordova observes, he was arrested on January 19, 2022, not January 9.  The amount of time between January 19, 2022 and March 12, 2024 is 784 days.

The minute order from the resentencing hearing and the abstract of judgment differ from the trial court's oral pronouncement of judgment in two ways. First, the minute order and abstract of judgment award only 245 days of custody (or "actual") credits, not 784. Second, they award 36 days of conduct credits when the trial court awarded none.

Cordova sent a letter to the trial court asking that his credits be recalculated. The trial court declined, making a statement conveying that it believed Cordova planned to raise additional issues on appeal, so this court could address them all in the first instance.

We agree with the parties that Cordova should be awarded 784 days of custody credits and 36 days of conduct credits.

Beginning with custody credits, "when a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29 (*Buckhalter*).) Here, the trial court's oral pronouncement of judgment was correct: Cordova should have been awarded 784 days of custody credits, as that was the time that had elapsed between his arrest and his resentencing hearing. The minute order and abstract of judgment, though not controlling, incorrectly provided otherwise. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the

oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].)

As to conduct credits, the trial court noted at Cordova's original sentencing that Cordova had 36 days, but it did not award those 36 days when it orally pronounced judgment at resentencing. Cordova does not argue that the court should have awarded him additional conduct credits beyond the 36 days. (See *Buckhalter*, *supra*, 26 Cal.4th at p. 29 ["a convicted felon who has once been sentenced, committed, and delivered to prison, who received all credits for confinement prior to the original sentencing, and who remains behind bars pending an appellate remand solely for correction of sentencing errors, is not eligible to earn additional credits for good behavior as a presentence detainee"].)[2] However, the parties agree, as do we, that Cordova should have been re-awarded the original 36 days, and the trial court was without authority to do otherwise. (Cf. *ibid.* [a convicted defendant who remains in custody pending resentencing remand "is not eligible to earn *additional* credits for good behavior as a presentence detainee," italics added.)

### DISPOSITION

The judgment is modified to provide Cordova 36 days of conduct credits. The trial court is directed to (1) prepare a new resentencing minute order reflecting 784 days

---

[2] "The agency to which the defendant is committed—in this case the Department of Corrections and Rehabilitation—calculates and applies conduct credit for time following the original sentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.)

of custody credits and 36 days of conduct credits, (2) prepare a second amended abstract of judgment reflecting those same credits, and (3) forward a copy of the second amended abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

J.

We concur:

RAMIREZ_____

P. J.

FIELDS_____

J.

5