Filed 11/30/20  P. v. Chapin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDWARD DWIGHT CHAPIN,<br><br>    Defendant and Appellant. | G057358<br><br>(Super. Ct. No. 16HF0810)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael F. Murray, Judge.  Affirmed in part and remanded with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Edward Chapin appeals from the imposition of two assessments imposed in 2016 in connection with his guilty plea to a receiving stolen property charge. The first is the $300 mandatory state restitution fine, which he contends was not mentioned when he was sentenced to jail in 2019 after he violated his probation. The second is the $70 per count conviction fee, which he contends should not have been imposed without a hearing on his ability to pay. In making this second contention, he relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), a controversial case holding that an indigent woman was entitled to a hearing on her ability to pay multiple and serial impositions of fines for not paying fines.

We affirm both assessments. Chapin agreed to pay the $300 restitution fine when he pleaded guilty in 2016. It was not necessary for the court to impose this fine again in 2019, when he went to jail. As for not getting a hearing on his ability to pay $140 in conviction fees, nothing in the record remotely suggests that Chapin's circumstances resemble those of the appellant in *Dueñas*. He agreed in 2016 to pay the fees as part of his plea bargain, and nothing indicates he was being punished, as was the *Dueñas* appellant, for being poor. He was not entitled to a hearing in 2019 on his ability to pay fees he had already agreed to pay.

However, because the abstract of judgment does not reflect the conviction fees, we return the matter to the trial court to correct the abstract to add any fees or fines that were inadvertently omitted.

## FACTS

In June 2016, Chapin was charged with second degree burglary, felony receiving stolen property, and misdemeanor vandalism. He was also charged with four prior prison conviction enhancements. Representing himself, he entered into a plea bargain whereby the burglary count and the priors were dismissed and he pled guilty to receiving stolen property and vandalism. As part of the plea bargain, he agreed the court

could order him to pay a mandatory state restitution fine of between $300 and $10,000 and could order him to pay a mandatory fee of $70 for each count convicted. He also agreed to a separate, suspended, restitution fine of $300, payable only if he violated the terms of his probation. Payment of a restitution fine of $300 and the $70 fee for each conviction was a condition of his felony probation, as was the suspended probation violation restitution fine. Chapin's sentence was suspended, and he was placed on probation for three years and ordered to serve 180 days in jail, with credit for 60 days. The plea was entered into the record on July 15, 2016.[1]

In October 2016, Chapin's probation was revoked because he failed a drug test and failed to report. A warrant was issued for his arrest. At a hearing in August 2017, Chapin admitted that he had violated his probation, and he was ordered to serve 90 days in jail. His probation was reinstated. In December 2017 and February 2018, Chapin served more time for admitted probation violations. His probation was reinstated after he served his sentences.

In May 2018, the court issued another arrest warrant for a probation violation. This time, Chapin disputed the violation. He again represented himself. After several continuances, a hearing took place on January 3, 2019.

Chapin's main concern at the January hearing was getting into a drug rehabilitation program. He admitted he had violated his probation. The court continued the hearing to allow him to find an acceptable program. If he did not, the court was prepared to impose a two-year sentence. The court also issued a stipulated victim restitution order and abstract of judgment for $2,158 plus interest from date of loss.

---

[1] At the July 15 hearing, Chapin asked the court what the mandatory fines were. The court responded that "[t]here's the $300 state restitution fine, $70 per count conviction fee." Chapin asked ,"Any way I can get that waived with concurrent time?" The court: "No." Chapin: "All that matters, okay." The court specifically mentioned the $300 state restitution fine and the $70 per count conviction fee when reciting the other terms of the plea bargain.

The next hearing took place on February 5, 2019. Chapin had not found a rehabilitation program, so the court sentenced him to two years under Penal Code section 1170, subdivision (h). The court also imposed "any previously stayed fines or fees. They'll be due through probation if not already paid." The abstract of judgment, dated February 8, 2019, includes the $300 restitution fine. It does not include an additional parole violation restitution fine or the $70 per count court fee.

## DISCUSSION

Chapin has identified two issues on appeal. First, he claims the $300 mandatory restitution fee must be stricken because the court did not specifically mention it at the February 5 hearing. He does not argue that he does not have to pay this fine. Instead, he asserts that the matter must be returned to the trial court to decide whether to impose it. Second, he says his due process rights were violated because the court did not hold a hearing about his ability to pay before imposing the $70 per count court fee. He also notes, correctly, that the abstract of judgment does not include these fees.

As part of his 2016 plea bargain, Chapin agreed to pay the $300 mandatory restitution fine and the $70 per count court fee. Payment of these assessments was also a term and condition of receiving probation. The plea bargain became an order of the court on July 15, 2016. The court granted Chapin probation on that basis. Nothing in the record indicates that payment of the fine and fee was suspended or stayed. So the trial court had already decided to impose it and did not need to revisit this decision.

The case upon which Chapin relies, *People v. Zachery* (2007) 147 Cal.App.4th 380 (*Zachery*), does not support his argument. In *Zachery*, the clerk added items to the sentencing minute order – including fines – that did not correspond to the court's pronouncements from the bench in the defendant's presence. (*Id.* at pp. 387-388.) The case was sent back so that the trial court could decide whether to impose restitution fines. (*Id.* at p. 394.)

4

In this case, however, the court had already imposed the fines on Chapin in his presence during the July 2016 hearing on Chapin's plea bargain. Chapin was obviously aware of them because he asked the court to waive them. All that happened in February 2019 was that the court lifted any previous stays on payment of the fines and fees. But the mandatory state restitution fine was not stayed. The only fine that was arguably stayed was the $300 probation violation restitution fine, which was suspended until Chapin violated his probation, as he did several times.

Chapin bases his second argument on *Dueñas.* He asserts the court should not have imposed the per count $40 court operations fee and the $30 facilities fee on him back in 2016 without a hearing on his ability to pay.[2] He wants us to remand the case to the trial court for a hearing on his ability to pay $140.

Inasmuch as Chapin stipulated in January 2019 to the payment of $2,158 plus interest at 10 percent from June 2016 in victim restitution and has not challenged the amount of the $300 mandatory state restitution fine, we think it is safe to conclude without another trial court hearing that Chapin has the ability to pay $140. Comparing himself to the appellant in *Dueñas* – an indigent, disabled woman who was repeatedly fined for being unable to pay a prior fine – borders on the frivolous. Chapin was not assessed court fees because he could not pay prior court fees. He was assessed as part of a plea bargain whereby he was allowed to substitute probation for a jail sentence for committing a felony. Nothing in the record suggests he could not pay these fees in 2016, 2019 or now.

---

[2] Chapin was allowed to file a supplemental opening brief on the *Dueñas* issue, even though the case came down in January 2019, a month before his sentencing hearing. He filed a reply brief and a supplemental reply brief, after the Attorney General filed two respondent's briefs, one for each issue. Both reply briefs, however, dealt with *Dueñas*; neither one addressed the first issue.

## DISPOSITION

The matter is remanded to the trial court to amend the abstract of judgment to incorporate any fees or fines that were inadvertently omitted, if necessary.  In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.

6