Filed 3/28/23 P. v. Westensee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C096852 |
| Plaintiff and Respondent, | (Super. Ct. No. P20CRF0574) |
| v. | |
| JIM LORIN WESTENSEE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jim Lorin Westensee asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) After reviewing the record, we have identified a minor

1

error in the abstract of judgment that requires correction. Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with three counts of committing a lewd act on a child under the age of 14 years as to victim J. Doe 1 (Pen. Code, § 288, subd. (a); counts 1 to 3)[1], one count of oral copulation with a child 10 years of age or younger as to victim J. Doe 2 (§ 288.7, subd. (b); count 4), three counts of committing a lewd act on a child under the age of 14 years as to victim J. Doe 2 (§ 288, subd. (a); counts 5, 7, and 8), one count of forcible oral copulation with a child under the age of 14 years as to victim J. Doe 2 (former § 288a, subd. (c)(2)(B); count 6), and one count of committing a lewd act on a 14-or-15-year-old as to J. Doe 2 (§ 288, subd. (c)(1); count 9). As to counts 1, 2, 3, and 5 through 8, the prosecution further alleged a multiple victim enhancement under section 667.61 subdivisions (b), (c) and (e)(4).

Defendant pleaded no contest to count 1, guilty to count 7, and admitted the multiple-victim enhancement. He agreed to a 10-year criminal protective order and a victim restitution award of $100,000 for each of the two victims, and the parties stipulated to a 30 years to life sentence. The prosecution agreed to dismiss the outstanding charges.

In accordance with the plea agreement, the trial court imposed consecutive 15 years to life sentences for each of the two counts, for a total sentence of 30 years to life. The court also imposed the stipulated victim restitution. Considering defendant's ability to pay and the plea to two counts, the court imposed a restitution fine (§ 1202.4) of $600, a $600 parole revocation fine (§ 1202.45), suspended pending revocation of parole, an $80 court operations assessment (§ 1465.8), a $60 criminal conviction assessment (Gov.

---

[1] Undesignated statutory references are to the Penal Code.

2

Code, § 70373), a $500 sex offender fee (§ 290.3), and a $3,000 lewd act fine (§ 288, subd. (e)).

Defendant filed a notice of appeal without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Our review has identified a clerical error in the abstract of judgment. The trial court orally imposed a $500 sex offender fee under section 290.3 and a $3,000 lewd act fine under section 288, subdivision (e), but neither of these amounts are reflected on the abstract of judgment. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We will direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect the $500 sex offender fee (§ 290.3) and the $3,000 lewd act fine (§ 288, subd. (e)), and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

\s\ ,

McADAM, J.*

We concur:

\s\ ,

DUARTE, Acting P. J.

\s\ ,

BOULWARE EURIE, J.

---

*       Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.