[No. H003599. Sixth Dist. Nov. 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER LOUIS ROWLAND, Defendant and Appellant.

**COUNSEL**

Michael A. Kresser, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M.

Helfman and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BRAUER, J.**—Pursuant to a plea bargain, Peter Louis Rowland pleaded no contest to one count of grand theft (Pen. Code, §§ 484, 487, subd. 1). The trial court sentenced him to three years in state prison. The clerk's minutes and an amended abstract of judgment indicate the trial court also ordered Rowland to pay $611,478 in direct restitution to the victims.

Rowland contends the trial court did not order restitution to the victims and that the notations regarding restitution must consequently be stricken from the amended abstract of judgment.

The People contend full and direct restitution was ordered, but concede there was no statutory authority to support the form and amount of restitution imposed. They ask that we remand the case for imposition of a restitution fine in compliance with the applicable statutes. Rowland opposes remand.

We strike the direct restitution order on the ground it does not accurately reflect the judgment of the court and, in any event, would be improper as an adjunct to a prison sentence, and remand for imposition of a restitution fine pursuant to Government Code section 13967, subdivision (a).

### MATERIAL FACTS

The facts of the underlying offenses are not important to the issues raised on appeal. It is sufficient to note that over a period of more than two years—from September of 1983 to the middle of 1986—Rowland engaged in a series of fraudulent real estate and investment deals which resulted in a total loss of $611,478 to ten individual victims and Wells Fargo Bank. Many of the individual victims were friends of Rowland's family, and had entered the transactions because of their personal trust in Rowland.

Rowland pleaded no contest to a single grand theft count on condition he be sentenced to no more than three years in state prison. The probation report recommended that Rowland pay a total of $611,478 as direct restitution to the victims. At sentencing, the district attorney argued the court should sentence Rowland to the maximum term in prison and order payment of restitution to the victims. The request for direct restitution was

apparently based on article I, section 28, subdivision (b) of the California Constitution.[1]

With respect to restitution, the court stated it was "caught somewhat in a paradox, and that is that my concern is these people get their money back. [¶] If I send you to prison, that's going to take some time out of your earning ability to do that, and I'm very concerned that they get paid back. [¶] But, on the other hand, I don't think you would go out and get a job and pay them back at this moment. . . . . [¶] So, I'm going to put you in the place where you're going to be able to earn some money, and you're going to be paid just about what you are worth, 35 cents an hour. That's what the State Prison system pays. [¶] It's too bad they can't pay you more so that these victims can be repaid. [¶] That amounts . . . to about $2 a day. [¶] And I'm going to specifically direct the Department of Corrections find you a job, and that you work while you are in prison." The court then sentenced Rowland to the upper term of three years in prison.

The clerk's minutes of the sentencing hearing indicate Rowland was ordered "to make restitution in the amount of $611,478.00 to the victims . . . ." This order was omitted from the original abstract of judgment but was included in an amended abstract filed 12 days later.

## Discussion

### I.

 Rowland contends the trial court did not order that $611,478 restitution be paid to the victims, and that the statements to the contrary in the clerk's minutes and abstract of judgment must be stricken as clerical errors. (See *In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].) "If the judgment entered in the minutes fails to reflect the judgment pronounced by the court, the error is clerical, and the record can be corrected at any time to make it reflect the true facts." (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].)

---

[1] This section, which was added by Proposition 8, provides: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section." In arguing for restitution, the district attorney stated: "Part of Proposition 8 . . . branded [to] victims of crimes a constitutional right to restitution."

■ We agree with Rowland that the clerk's minutes and abstract of judgment fail to accurately reflect the judgment pronounced by the court; consequently, we strike the restitution orders found in those documents.

The court's comments do not indicate it intended to require full direct restitution to the victims. To the contrary, the court apparently considered and rejected probation with a restitution condition. At most, the court intended that Rowland's wages earned as a prisoner be paid directly to the victims.

In their brief the People conceded that the court lacked power to order any form of *direct* restitution to the victims. ■ However, since our reading of the record indicated the court may have ordered payment of Rowland's prison wages as direct restitution, we asked the parties to address in supplemental briefs whether the court had the authority to make such an order. The People now contend that the court did have authority to order direct payment of Rowland's entire prison wages to the victims. We disagree.

■■ As support for their position the People first cite Penal Code section 2085.5. This section permits the Director of Corrections to deduct a maximum of 20 percent of a prisoner's wages to pay a restitution *fine* imposed under Government Code section 13967, subdivision (a). Penal Code section 2085.5 does not authorize deductions for direct restitution to a victim, nor does it authorize the trial court to impose direct restitution on a defendant sentenced to prison.

■■ The People also cite Penal Code sections 6220 through 6236 which establish "restitution centers" whose express purpose is to provide those sentenced to prison a means for paying restitution as ordered by the court. (§ 6221.) However, under this statutory scheme only one third of a prisoner's wages may be paid directly to the victim (§ 6231, subd. (b)(2)); moreover, nothing the court said at sentencing indicated it intended to send Rowland to a restitution center (§ 6227). In sum, there appears to be no statutory authority which would permit a court to order the Department of Corrections to pay a prisoner's entire prison wages as restitution to a victim. Consequently, even if we assume this is what the court intended to order, it had no authority to do so.

## II.

 The People also contend that this case must be remanded to the trial court so that a restitution fine (as opposed to direct restitution) may be imposed pursuant to Government Code section 13967, subdivision (a). We agree with this contention.

In requesting direct restitution to the victims, the People apparently relied on article I, section 28, subdivision (b) of the California Constitution, which was added by Proposition 8. This section provides in part that "all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." (See fn. 1, *ante.*) This provision became effective in June of 1982, well before Rowland committed the crimes for which he stands convicted. However, the People concede section 28, subdivision (b) is not self executing (*People* v. *Vega-Hernandez* (1986) 179 Cal.App.3d 1084, 1090-1100 [225 Cal.Rptr. 209]) and consequently they cannot rely on it to support a direct restitution order. (See also, *People* v. *Downing* (1985) 174 Cal.App.3d 667, 670 [220 Cal.Rptr. 225] ["[T]he trial court is not statutorily authorized to order direct restitution to victims where it has sentenced defendant to prison unless such restitution is expressly agreed to by defendant. That was the law before the enactment of Proposition 8 and remains the law."].)

Nevertheless, although conceding the impropriety of a direct restitution order, the People argue a restitution fine should have been imposed pursuant to Government Code section 13967, subdivision (a), and that the case must be remanded so that such a fine may be imposed. Section 13967, subdivision (a), which was amended by the Legislature to implement California Constitution, article I, section 28, subdivision (b), became effective in its present substantive form on January 1, 1984. (*People* v. *Long* (1985) 164 Cal.App.3d 820, 824 [210 Cal.Rptr. 745]; *People* v. *McCaskey* (1985) 170 Cal.App.3d 411, 418 [216 Cal.Rptr. 54]; *People* v. *Vega-Hernandez, supra,* 179 Cal.App.3d at p. 1090, fn. 10.) Section 13967 is part of a legislative scheme (Gov. Code, §§ 13959-13969) which requires convicted felons to pay a penalty assessment into a statewide Restitution Fund. (*Vega-Hernandez, supra,* 179 Cal.App.3d at p. 1090.) Under section 13967, subdivision (a), trial courts are required to impose a fine of not less than $100 nor more than $10,000 on defendants convicted of any felony. (Gov. Code, § 13967, subd. (b).) Penal Code section 1202.4, subdivision (a) requires that convicted felons pay a restitution fine pursuant to section 13967 regardless of ability to pay, unless there are "compelling and extraordinary reasons" for waiving the fine.

We agree with the People that the trial court should have imposed a restitution fine pursuant to Government Code section 13967, subdivision (a). However, Rowland contends we may not now remand this case for imposition of a restitution fine because he has never sought remand for resentencing and the People, who initially filed a notice of appeal, have formally abandoned that appeal.

■ Whether the People may raise the trial court's failure to impose a Government Code section 13967 restitution fine on a defendant's appeal appears to be an issue of first impression. ■ Generally, on a defendant's appeal "the People may now obtain review of rulings adverse to the prosecution solely for the purpose of securing affirmance of the judgment, and not otherwise as to matters which could have been raised on a [People's appeal]."[2] (*People* v. *James* (1985) 170 Cal.App.3d 164, 167 [216 Cal.Rptr. 24]; *People* v. *Braeseke, supra,* 25 Cal.3d 691, 698-701.) Here, the People could have raised this issue on appeal. (Pen. Code, § 1238, subds. (a)(5), (a)(10).) However, it is also "well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the . . . reviewing court." (*People* v. *Benton* (1979) 100 Cal.App.3d 92, 102 [161 Cal.Rptr. 12].) Consequently, the People may challenge an "unauthorized sentence" even on a defendant's appeal. (*Ibid.*)

■ The question we must answer in this case is whether a sentence which fails to impose the restitution fine mandated by Government Code section 13967, subdivision (a) is "unauthorized" and thus subject to correction at any time. We believe it is.

*People* v. *Benton, supra,* 100 Cal.App.3d 92 is instructive in this regard. In *Benton,* the trial court failed to impose prior prison term enhancements charged under Penal Code section 667.5, subdivision (b). The *Benton* court reasoned the trial court had the choice of imposing the additional terms provided by section 667.5 or striking them in the manner required by law. Under the applicable statutes, the trial court could strike the enhancements *only* if it determined there were circumstances in mitigation of the addition-

---

[2] The People may, of course, also obtain review of questions likely to arise on retrial when a judgment of conviction is reversed. (*People* v. *Braeseke* (1979) 25 Cal.3d 691, 701, fn. 5 [159 Cal.Rptr. 684, 602 P.2d 384], judgment vacated and cause remanded (1980) 446 U.S. 932 [64 L.Ed.2d 785, 100 S.Ct. 2147], reiterated (1980) 28 Cal.3d 86 [168 Cal.Rptr. 603, 618 P.2d 149].)

al punishment and stated its reasons for striking the enhancements on the record. Since the trial court neither imposed nor struck the enhancements in the manner required by law, the *Benton* court concluded the sentence was *unauthorized* and could be reversed and remanded despite the fact the issue was raised on a defendant's appeal. (100 Cal.App.3d at pp. 100-102.)

Similarly, the restitution fine provided by Government Code section 13967, subdivision (a) and Penal Code section 1202.4 must be imposed in every case where the defendant is convicted of a felony, *unless* the court finds there are "compelling and extraordinary" reasons for waiving the restitution fine, and "state[s] on the record all reasons supporting the waiver." (Pen. Code, § 1202.4, subd. (a).) Consequently, the trial court had two choices: (1) it could have imposed a proper restitution fine, or (2) it could have waived the fine by stating on the record the "compelling and extraordinary" reasons which permitted it to do so. Here, the trial court did neither. Consequently, the failure to impose the fine resulted in an "unauthorized sentence" which is subject to correction at any time. (*People* v. *Benton, supra,* 100 Cal.App.3d at pp. 100-102.)

Finally, the People also suggest that "if restitution was the overriding concern of the court and counsel in this case, and all were assuming, albeit incorrectly, that a restitution order based on [California Constitution, article I] section 28, [subdivision] (b) would be enforceable, then the court should be given an opportunity, if it so desires and the question is not rendered moot by the passage of time, to reconsider whether probation with a restitution condition should be imposed." We believe this disposition is inappropriate for three reasons. First, we are reversing and remanding only because the sentence was "unauthorized" in that the trial court failed to impose or properly waive a restitution fine. Consequently, our purpose in remanding is merely to correct this oversight on the trial court's part. Secondly, the trial court's comments at sentencing indicate it considered this disposition but rejected it because there was no guarantee Rowland would work outside of prison. Finally, since Rowland was committed to his three-year prison term on August 13, 1987 (with 107 days credit for time served), he will likely have served all of his prison sentence by the time this case is remanded to the trial court. It would be unjust—if not illegal—for the trial court to sentence Rowland a second time after he has already served the prison sentence imposed.

## DISPOSITION

The order in the amended abstract of judgment imposing direct restitution is stricken, and the case is remanded to the trial court for imposition ofa restitution fine pursuant to Government Code section 13967, subdivision (a).[3]

Agliano, P. J., and Capaccioli, J., concurred.

A petition for a rehearing was denied December 8, 1988, and appellant's petition for review by the Supreme Court was denied February 23, 1989.

---

[3] Effective January 1, 1987, subdivision (c) was added to Government Code section 13967. (Stats. 1986, ch. 1438, § 1, No. 7 Deering's Adv. Legis. Service, p. 571.) This subdivision provides for the payment of up to $10,000 in *direct* restitution to crime victims who have suffered economic loss, in lieu of a restitution fine. The People do not argue that subdivision (c) should be applied on remand; to the contrary, they "agree with appellant that the present version of Government Code section 13967 probably could not be applied retroactively . . . on remand," although they suggest that retroactive application might not violate the prohibition against ex post facto laws since subdivision (c) merely redirects payment of the restitution fine and is therefore not a new punishment. This issue has not been briefed by either party and we consequently express no opinion concerning it.