Filed 12/11/14  P. v. Boylan CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B256675 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA088883) |
| v. | |
| GREGORY LEE BOYLAN, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Eric C. Taylor, Judge.  Affirmed as modified.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * * * * * *

Defendant Gregory Lee Boylan, Jr. was charged by information with robbery (Pen. Code, § 211; count 1), petty theft (§ 666, subds. (a) & (b); counts 2, 4, 6 & 7), and burglary (§ 459; counts 3 & 5), as well as having served six prior prison terms and having one strike conviction (§§ 667, subd. (a)(1), 667.5, subd. (b), 1170, subd. (h), 1170.12). Defendant entered a no contest plea to the robbery count, admitting his strike conviction and one prior prison term. Defendant was sentenced to a total of five years, consisting of the low term of two years for the robbery, doubled because of defendant's strike conviction. He received an additional year for his prior prison term. Defendant also received a total of 194 days of custody credit, consisting of 169 actual days, and 25 days of conduct credit. He was ordered to pay various fines and fees, including a restitution fine of $280. (§ 1202.4, subd. (b)(1).)[1]

Defendant now timely appeals postplea matters not requiring a certificate of probable cause. We appointed appellate counsel to represent him. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The brief included a declaration that counsel reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared that he advised defendant of his right, under *Wende*, to submit a supplemental brief. Defendant did not file a supplemental brief with this court.

The factual basis for the plea is as follows (as established at the preliminary hearing): On November 12, 2013, James Campos, a loss prevention officer at a Los Angeles County Kohl's department store saw defendant leave the store without paying for a set of headphones. When Campos attempted to apprehend defendant, defendant

---

**1** We identified a potential issue with defendant's fines, and on November 20, 2014, issued an order proposing to adjust the fines unless we heard from the parties. Having received responses from defendant and respondent, we are satisfied that the fines ordered by the trial court are correct.

2

pushed him.  Ultimately, Campos, his partner, and a police officer were able to subdue defendant, and he was arrested after the headphones were discovered in his possession.

Over the course of our review, we discovered one minor error.  The abstract of judgment incorrectly reflects that defendant was to receive 251 days of conduct credit, when the trial court awarded only 25 days of such credit.  (See *People v. Rowland* (1988) 206 Cal.App.3d 119, 123 [clerical errors may be corrected at any time].)

In all other respects, we have examined the entire record, consisting of one volume of a clerk's transcript and one volume of a reporter's transcript, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed, as modified.  The superior court is directed to correct the abstract of judgment to reflect 25 days of conduct credit.  The superior court is ordered to prepare and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


GRIMES, J.

We concur:


BIGELOW, P. J.


FLIER, J.

3