Filed 6/2/15  P. v. Hoffman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SARA ELISABETH HOFFMAN,<br><br>    Defendant and Appellant. | F068278<br><br>(Super. Ct. No. CRF40105)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Douglas C. Boyack, Judge.  (Retired Judge of the Tuolumne Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Henry J. Valle, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Defendant, Sara Elisabeth Hoffman, was charged with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and possession of methamphetamine for sale (Health & Saf. Code, § 11378). A jury found defendant guilty on both counts, and defendant was placed on five years of probation and ordered to serve four months in county jail and four months of electronic monitoring.

On appeal, defendant argues: (1) the trial court miscalculated defendant's presentence conduct credit; (2) the minute order and order granting probation include restitution fines that were not imposed by the trial court; and (3) the minute order and order granting probation erroneously state defendant was guilty by plea rather than guilty by jury trial. We order the minute order and order granting probation amended to reflect an additional six days of presentence conduct credit for defendant and defendant's conviction by jury trial. We also order defendant's restitution fines stricken from the minute order and order granting probation. In all other respects, the judgment is affirmed.

## DISCUSSION

*I. Defendant is entitled to six days of presentence conduct credit.*

Defendant argues, and the People concede, that the trial court erred by failing to award defendant six days of presentence conduct credit. We agree.

Under Penal Code section 4019, subdivision (f), a prisoner is entitled to two days of conduct credit for every two days of presentence custody in county jail. Here, defendant served six days in county jail prior to the beginning of her sentence but, while she received credit for the six days actually served, she did not receive any additional presentence conduct credit. Accordingly, we modify the judgment to reflect an additional six days of presentence conduct credit.

2.

*II. Defendant's restitution fines must be stricken.*

Defendant also contends that the restitution fines contained in the minute order and order granting probation should be stricken, as they were not orally imposed by the trial court at sentencing. We agree.

Under Penal Code section 1202.4, subdivision (b), "[i]n every case where a person is convicted of a crime," the trial court must impose a restitution fine, "unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Similarly, in every case in which a person is convicted of a crime and a sentence that includes a period of probation is imposed, the trial court is required to "assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (Pen. Code, § 1202.44.)

Here, the trial court failed to order the imposition of a restitution fine under Penal Code section 1202.4, subdivision (b).[1] The minute order and order granting probation, however, reflect the imposition of a $1,400 restitution fine under Penal Code section 1202.4, subdivision (b), as well as a corresponding $1,400 fine under Penal Code section 1202.44, the latter of which was to be assessed and suspended pending the termination of probation.

Where there is a discrepancy between a court's oral pronouncement and a written minute order, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.) When the clerk's minutes include fines that were not orally pronounced by the trial court, those fines must be stricken. (*Id*. at p. 388; *People v. Rowland* (1988) 206 Cal.App.3d 119, 124.)

---

[1] The trial court mentioned, in terms of sentencing, that its "inclination would be to follow the recommendation of the probation department." Stating an inclination, however, is far from ordering a specific fine.

Accordingly, the fines at issue in this case must be stricken from the minute order and order granting probation.

Further, we need not remand the matter to the trial court for the imposition of the stricken fines. An appellate court may not correct a discretionary sentencing choice regarding imposition of a fine or fee if the People fail to object in the trial court. (*People v. Tillman* (2000) 22 Cal.4th 300, 303.) A restitution fine under Penal Code section 1202.4 is a discretionary sentencing choice. (*People v. Tillman, supra,* at p. 302.) As the People did not object to the trial court's failure to impose a restitution fine in this case, we consider the matter waived. (*Id*. at p. 303.)

III. *The minute order and order granting probation must be amended.*

Defendant's minute order and order granting probation state that defendant was convicted by plea of guilty. This appears to be a clerical error, as defendant was convicted by jury trial. As we have the authority to correct clerical errors of this sort, we modify the minute order and order granting probation to reflect that defendant was convicted by jury trial. (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.)

**DISPOSITION**

We order the minute order and order granting probation amended to reflect an additional six days of presentence conduct credit, for a total of 12 days, and defendant's conviction by jury trial. We also order the restitution fines imposed under Penal Code sections 1202.4, subdivision (b) and 1202.44 to be stricken from the minute order and order granting probation. The court is ordered to forward the amended minute order and order granting probation to the probation department. In all other respects, the judgment is affirmed.