Filed 7/22/16  P. v. Martin CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080727 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04038) |
| v. | |
| ZACHARY RYAN MARTIN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Zachary Ryan Martin has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We shall modify the judgment to correct the trial court's error in awarding custody credits.  Finding no other arguable error that would result in a disposition more favorable to defendant, we shall affirm the judgment as modified.

1

## I.  BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged by criminal complaint with first degree residential burglary (Pen. Code, § 459—count one),[1] a serious felony within the meaning of section 1192.7, subdivision (c), and carrying a loaded firearm, a felony (§ 25850, subd. (a)—count two).

Defendant entered a plea of no contest to both counts in exchange for a stipulated low-term sentence of two years on count one, plus eight months (one-third the middle term) on count two, for an aggregate sentence of two years eight months in state prison, and dismissal with a *Harvey*[2] waiver of pending case Nos. 15F04039 and 15M09916. The factual basis to substantiate the plea is as follows:  On July 6, 2015, defendant unlawfully entered the home of Luke and Jennifer B. and took a loaded semiautomatic nine-millimeter Glock handgun from their home.  The handgun was readily accessible on defendant's person when police contacted him on a public street.

The trial court sentenced defendant to an aggregate term of two years eight months in state prison consistent with his plea agreement.  The court awarded defendant 73 actual days of presentence custody credit, imposed minimum mandatory fines, and imposed victim restitution as to Norma M. (the victim in dismissed case No. 15F04039) in the amount of $1,119.16, reserving the issue of victim restitution as to Luke and Jennifer B.

The abstract of judgment reflects a $300 restitution fine (§ 1202.4, subd. (b)); a $300 parole revocation fine, stayed pending successful completion of parole (§ 1202.45); an $80 court operations assessment (§ 1465.8, subd. (a)(1)); and a $60 criminal

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

conviction assessment (Gov. Code, § 70373). The abstract also reflects 145 total days of presentence custody credit (73 actual days, plus 72 conduct credits).

Defendant filed a timely notice of appeal. He did not request a certificate of probable cause.

## II. DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record reveals the following error: The trial court's oral pronouncement regarding defendant's custody credits omitted the 72 days of conduct credit properly reflected in the abstract of judgment. Accordingly, under our inherent power to correct such errors, we will modify the judgment to award defendant 72 days of conduct credit. (*People v. Rowland* (1988) 206 Cal.App.3d 119, 123; *People v. Anthony* (1986) 185 Cal.App.3d 1114, 1125-1126.) The abstract, which accurately reflects the conduct credits, need not be modified.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is modified to award defendant 72 days of conduct credit.  As modified, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

HOCH, J.

4