Filed 10/5/23  P. v. Sanford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097893 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR2020-0632 & CR2021-2987) |
| v. | |
| MICHAEL CLARE SANFORD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Clare Sanford filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we shall direct the trial court to correct the abstract of judgment and sentencing minute orders to delete certain financial obligations that the trial court did not orally impose at sentencing.  We find no other arguable error that would result in a disposition more favorable to defendant and affirm.

1

BACKGROUND

Defendant was charged in Yolo County Superior Court case No. CR2020-0632 (case No. CR2020-0632) with communicating with a minor with the intent to commit a sexual offense (Pen. Code, § 288.3, subd. (a); count 1),[1] arranging a meeting with a minor to commit sexual offenses (§ 288.4, subd. (b); count 2), offering to furnish marijuana to a minor under the age of 14 (Health & Saf. Code, § 11361, subd. (a); count 3), being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4), being a felon in possession of ammunition (§ 30305, subd. (a); count 5), possession of body armor (§ 31360, subd. (a); count 6), and possession of a stun gun (§ 22610, subd. (a); count 7). For counts 1, 2, and 3, it was alleged that defendant was armed with a firearm during the offenses. (§ 12022, subd. (a)(1).) It was further alleged that defendant had a prior strike conviction. (§ 667, subds. (c), (e)(1).)

In July 2021, defendant filed a pre-plea motion to dismiss the strike prior allegation pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and section 1385, subdivision (a). The People opposed, and the trial court denied the motion.

In September 2021, defendant failed to appear in court on case No. CR2020-0632, and a bench warrant was issued and held for two weeks; when defendant failed to appear again, the trial court issued the bench warrant and set bail. Defendant was later located in Georgia and extradited back to California where he was remanded to county jail pending the outcome of his criminal proceedings.

In October 2021, defendant was charged in Yolo County Superior Court case No. CR2021-2987 (case No. CR2021-2987) with failure to appear in case No. CR2020-0632. (§ 1320.5; count 1.) It was further alleged that defendant was out on bail at the

---

[1]     Further undesignated statutory references are to the Penal Code.

time of the offense (§ 12022.1, subd. (b)), and that defendant had a prior strike conviction.

In July 2022, defendant entered into a global plea agreement as to both cases. Defendant pleaded no contest to count 1 (communicating with a minor with the intent to commit a sexual offense) and count 5 (felon in possession of ammunition) in case No. CR2020-0632, and pleaded no contest to the failure to appear offense in case No. CR2021-2987 in exchange for a stipulated term of four years four months in state prison and dismissal of the remaining counts and allegations.

In September 2022, the trial court sentenced defendant to the stipulated term. The court imposed the midterm of three years for the communication with a minor offense and consecutive terms of eight months each (one-third the midterm) for the possession of ammunition and failure to appear offenses. The court awarded defendant 832 days of presentence credit (416 days actual credit plus 416 days conduct credit). The court also entered a 10-year criminal protective order pursuant to section 136.2, subdivision (i)(1) protecting the minor victim and her parents or guardians.

Although the trial court did not orally impose any restitution fines or other assessments at the sentencing hearing, the abstract of judgment and sentencing minute orders show the following financial obligations: a $600 restitution fine (§ 1202.4) and an identical $600 parole revocation restitution fine, suspended unless parole was revoked (§ 1202.45), in case No. CR2020-0632; a $300 restitution fine and a $300 parole revocation restitution fine, suspended unless parole was revoked, in case No. CR2021-2987; and for the three offenses in both cases, a $120 court operations assessment (§ 1465.8) and a $90 court facilities assessment (Gov. Code, § 70373). Defendant appealed, and we granted his request to construe his notice of appeal as timely.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to

3

determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we have discovered an error regarding the financial obligations reflected on the abstract of judgment and sentencing minute orders. The rendition of judgment is an oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment." (*Id.* at pp. 387-388.) If the clerk includes fines or fees in the minute order or on the abstract of judgment that were not orally imposed, those fines or fees must be stricken from the minute order and abstract. (*Id.* at pp. 387-389; *People v. Rowland* (1988) 206 Cal.App.3d 119, 124.)

Here, the trial court did not orally impose any restitution fines under either section 1202.4 or 1202.45, nor did the court orally impose any court operations or court facilities assessments under section 1465.8 or Government Code section 70373, respectively. The abstract of judgment and the minute orders, however, reflect $600 in restitution and parole revocation restitution fines in case No. CR2020-0632, $300 in restitution and parole revocation restitution fines in case No. CR2021-2987, a $120 court operations assessment, and a $90 court facilities assessment. Because the trial court did not orally impose these financial obligations during sentencing, we shall direct that the abstract of judgment and minute orders be corrected to reflect the trial court's actual oral pronouncement of judgment, which controls.

We find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The clerk of the trial court is directed to correct the abstract of judgment and minute orders by deleting reference to the following financial obligations:  (1) the $600 restitution fine (§ 1202.4) and the identical $600 parole revocation restitution fine (§ 1202.45) in case No. CR2020-0632; (2) the $300 restitution fine and the corresponding $300 parole revocation restitution fine in case No. CR2021-2987; (3) the $120 court operations assessment under section 1465.8; and (4) the $90 court facilities assessment under Government Code section 70373.  The clerk is further directed to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


          /s/
KEITHLEY, J.*


We concur:


    /s/
EARL, P. J.


    /s/
MESIWALA, J.

---

\*      Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.