Filed 11/19/24  P. v. Cooper CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GREGORY COOPER JR.,<br><br>        Defendant and Appellant. | A168918<br><br>(Humboldt County<br>Super. Ct. No. CR011794S) |

In 2003, defendant Gregory Cooper Jr., was sentenced to 127 years to life in state prison and ordered to pay a $10,000 restitution fine.  In 2022, defendant filed a motion for resentencing under Senate Bill No. 483 (2021– 2022 Reg. Sess.), now codified as Penal Code section 1172.75.[1]

On August 17, 2022, finding defendant entitled to relief, the trial court (Hon. Kelly Neel) struck defendant's prior prison term enhancements (former § 667.5, subd. (b)).  Months later, Judge Neel granted defendant's request to vacate his restitution fine.  Then, on September 25, 2023, a different judge (Hon. Christopher Wilson) conducted a full resentencing hearing in light of

---

[1] All undesignated statutory references are to the Penal Code.  Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  We will refer to section 1172.75 throughout this opinion.

1

other ameliorative changes in the law enacted since the initial sentencing. At that hearing, Judge Wilson struck defendant's firearm enhancement (§ 12022.53, subd. (d)), but declined to dismiss his prior "strike" convictions within the meaning of the three strikes law. In pronouncing the new judgment, Judge Wilson sentenced defendant to 100 years to life and ordered that his obligation to pay restitution "will remain."

Defendant appeals from that judgment. He argues that as part of his resentencing under section 1172.75, Judge Wilson was required to apply recently amended section 1385, subdivision (c) (section 1385(c)), which directs trial courts to consider specified mitigating circumstances when deciding whether to dismiss an "enhancement" in furtherance of justice. (Stats. 2021, ch. 721, § 1.) And here, he contends Judge Wilson erred in refusing to dismiss his prior strike convictions under section 1385(c). Additionally, defendant argues that despite Judge Wilson ordering that his obligation to pay restitution "will remain," Judge Neel previously had vacated the fine, and thus the abstract of judgment should be amended to reflect Judge Neel's ruling.

We conclude the trial court lacked jurisdiction to provide *any* resentencing relief under section 1172.75. Thus, the portion of the September 25, 2023 judgment recalling defendant's prior sentence and resentencing defendant under section 1172.75 is void and hereby vacated. We affirm the portion of the judgment reinstating the restitution fine that was previously vacated, and thus decline defendant's request to amend the abstract of judgment.

## BACKGROUND

### Convictions and Original Sentencing

In 2002, a jury found defendant guilty of first degree murder (§ 187, subd. (a); count 1) and being a felon in possession of a firearm (former §

2

12021, subd. (a)(1); count 2). The jury also found true that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). The trial court (Hon. Christopher G. Wilson) found true that defendant had served two prison priors (former § 667.5, subd. (b)) and had previously been convicted of two serious or violent felonies that qualified as strikes within the meaning of the three strikes law. (§§ 667, subds. (d), (e), 1170.12.)

On March 12, 2003, Judge Wilson sentenced defendant to a total term of 127 years to life in state prison, consisting of: 75 years to life for count 1 (25 years to life, tripled due to defendant's two prior strikes); 25 years to life for count 2 (as a third strike); 25 years to life for the firearm enhancement; and two one-year terms for each of the prison priors. The court also ordered defendant to pay a $10,000 restitution fine under section 1202.4.

On May 13, 2005, this court affirmed the judgment of conviction. (*People v. Cooper* (A102048, May 13, 2005) 2005 WL 1125701 [nonpub. opn.].)

**Resentencing**

Effective January 1, 2022, Senate Bill No. 483 added what is now section 1172.75, which invalidates most prior prison enhancements under section 667.5, subdivision (b). (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) As will be discussed in more detail, section 1172.75 also provides a procedure for defendants serving sentences that include such enhancements to be resentenced. (§ 1172.75, subds. (b), (c).) Further, section 1172.75 not only requires that a now-invalid prior prison term enhancement be stricken, but also requires that a court resentence a defendant in light of ameliorative laws enacted since the defendant's initial sentencing, and allows the court to consider postconviction behavior. (§ 1172.75, subd. (d).)

On June 17, 2022, defendant in propria persona filed a motion seeking relief under Senate Bill No. 483 and asking that counsel be appointed. Judge

3

Wilson appointed counsel for defendant and set the matter for a hearing.

A hearing was held on August 17 before the Honorable Kelly Neel, who ordered defendant's prior prison enhancements stricken. During the hearing, defense counsel also asked the court to vacate defendant's restitution fine based on his inability to pay. Judge Neel set another hearing to address the restitution fine.

On October 12, Judge Neel heard argument regarding the restitution fine, before taking the matter under submission. On October 27, Judge Neel issued a written order vacating the restitution fine pursuant to section 1465.9, explaining "[Section] 1465.9 that went into effect January 1, 2022 requires the Court to determine at this point that the fine pursuant to [section] 1202.4[ ] is unenforceable and uncollectible."

Meanwhile, defendant on his own filed additional motions. In one motion, defendant asserted ineffective assistance of his then counsel and sought relief under various legislative amendments, including Senate Bill No. 620 (2017–2018 Reg. Sess.), which granted courts the discretion to strike section 12022.53 firearm enhancements "in furtherance of justice" under section 1385. (Stats. 2017, ch. 682, §§ 1 & 2, eff. Jan. 1, 2018.) In another motion, defendant asked for "a full resentencing hearing pursuant to [section] 1172.75 (SB No. 483)." Judge Neel appointed conflict counsel for defendant and set the matter for a hearing.

At a hearing on January 12, 2023, defense counsel asserted defendant was requesting, and entitled to, "a full resentencing hearing" under section 1172.75. Counsel argued section 1172.75 provides that where, as here, "the Court strikes [a] prison prior, it can conduct a full resentencing."

Judge Neel then addressed defendant directly and asked him to clarify "what ultimate sentence [he] believe[d] the Court should impose[.]"

4

Defendant argued he was entitled to relief under Senate Bill No. 620 and asked the court to strike his firearm enhancement. Judge Neel set the matter for a resentencing hearing and ordered "counsel for both parties to brief the issues and outline clearly what [they] are asking the Court to do."

On February 10 defense counsel filed a motion asking the court to strike defendant's firearm enhancement pursuant to Senate Bill No. 620. The People opposed the motion.

The resentencing hearing ultimately took place on September 25, 2023 before Judge Wilson. Judge Wilson began by stating, "Mr. Cooper was sentenced for prior prison terms pursuant to [former section] 667.5, subsection (b), which has been abolished, and there was a previous proceeding in which those were stricken. However, the law permits and I think counsel has accurately cited *People [v.] Monroe*, which is a 2022-case at 85 Cal. App. 5th 393, for the proposition that that availability of resentencing allows then the Court to consider the other priors for resentencing I suppose in its entirety in that Mr. Cooper, more specifically, does have an enhancement pursuant to 12022.53, subsection (d), which he received a term of 25 years to life in addition to the previously-imposed term."

Following argument from counsel and defendant, Judge Wilson recounted defendant's original sentence and mentioned defendant's prior strike convictions. Then, Judge Wilson sua sponte considered dismissing the prior strike convictions, but found it was not appropriate to do so "under the circumstances and facts that were adduced at the trial."

Judge Wilson proceeded to formally pronounce judgment for "purposes of resentencing":

"[I]t would be the judgment and sentence of the Court that as to Count 1, which is a violation of . . . Section 187, subsection (a), with two strikes

5

pursuant to [section] 667(b) through (e), the Court would select the term of 75 years to life. So I'm affirming that previously-imposed 75 years to life term.

"And then as to the second count, which is the [section] 12021(a)(1), I noted that was a prior section for felon in possession of a firearm with the two strikes, a consecutive term of 25 years to life.

"That then as to the enhancement pursuant to [section] 12022.53(d) . . . . I'm going to strike the [section] 12022.53(d) [enhancement]. . . .

"That as previously ordered . . . the [section] 667.5(b) enhancements were previously stricken and I'll note that for the record as well.

"For the total term then would be 100 years to life as to the Count 1 with the two strike priors and Count 2 with the two strike priors. [¶] . . . [¶]

"The financial penalties will remain as previously indicated at the time of sentencing. All other terms of sentencing then would remain as previously imposed."

This appeal followed.

## DISCUSSION

### Resentencing Relief under Section 1172.75 and, By Extension, Other Ameliorative Changes in the Law

Defendant argues that as part of his resentencing under section 1172.75, he was entitled to have the trial court "apply any other changes in law that reduce sentences or provide for judicial discretion," in particular the changes made to section 1385(c) by Senate Bill No. 81. He argues that section 1385(c) applies to a decision whether to dismiss a prior strike conviction, and that the trial court here erred in refusing to dismiss his two

6

prior strike convictions.  Before we address these contentions, we set forth an overview of the relevant law.

### *Applicable Law*

Effective January 1, 2022, Senate Bill No. 483 added what is now section 1172.75 to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 also provides a mechanism for resentencing individuals serving judgments that includes such enhancements.  (§ 1172.75, subds. (b) & (c); *People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)  It directs the California Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator to identify affected defendants and provide their information to the sentencing court.  (§ 1172.75, subd. (b).)  The trial court is, thereafter, instructed to review the information and, where warranted, "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

Section 1172.75 details aspects of this "resentenc[ing]" procedure: (1) the procedure "shall result in a lesser sentence than the one originally imposed" unless the trial court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety (§ 1172.75, subd. (d)(1)); (2) the court "shall apply the sentencing rules of the Judicial Council and *apply any other changes in law that reduce sentences or provide for judicial discretion* so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.*, subd. (d)(2), italics added); and (3) the court "may consider postconviction factors . . . and evidence that reflects that

7

circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (*id.*, subd. (d)(3)).

One such "change[ ] in law" is Senate Bill No. 620, which, as noted, granted trial courts the discretion to strike firearm enhancements imposed under section 12022.53 "in furtherance of justice" under section 1385. (2017–2018 Reg. Sess., Stats. 2017, ch. 682, §§ 1 & 2.)

Another such "change[ ] in law" is Senate Bill No. 81. Effective January 1, 2022, Senate Bill No. 81 amended section 1385 by adding subdivision (c), which now provides "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and instructs the court to "consider and afford great weight to evidence offered by the defendant to prove . . . [specified] mitigating circumstances." (*People v. Dain* (2024) 99 Cal.App.5th 399, 409–410, review granted May 29, 2024, S283924 (*Dain*).)

In this case, the trial court granted defendant's request to recall his prior sentence and obtain resentencing under section 1172.75. The court struck defendant's prior prison enhancements. Then, in conducting a full resentencing, the court granted defendant's request to strike his firearm enhancement pursuant to Senate Bill No. 620. Also, the court on its own motion considered whether to dismiss defendant's prior strike convictions, but declined to do so, finding the prior strike convictions were "appropriately [imposed] under the circumstances and facts that were adduced at the trial." Ultimately, the court resentenced defendant to 100 years to life.

### *Analysis*

As noted, defendant argues that as part of his resentencing under section 1172.75, he was entitled to have the trial court apply the changes made to section 1385(c) by Senate Bill No. 81 to his prior strike convictions. He then argues the trial court did not properly weigh the mitigating circumstances specified under section 1385(c) before refusing to dismiss his

8

prior strike convictions. Thus, he claims "[r]emand is . . . appropriate for the court to exercise its informed discretion in resentencing [him]."

Initially, defendant acknowledges, and the People highlight, that he did not raise this argument in the trial court or otherwise object to the court's decision not to dismiss his prior strike convictions. Defendant, however, contends his appellate claim is not forfeited, because any objection would have been futile under case law as it existed at the time. He points out that at least one appellate court decision in effect at the time of the September 25, 2023 resentencing hearing—*People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*)—held that section 1385(c) applies only to "enhancements," and a sentence under the three strikes law is not an enhancement. Defendant contends the trial court thus would have been bound to deny any "request by counsel for the court to apply section 1385" to his prior strike convictions, rendering any such request futile. We assume without deciding that defendant did not forfeit his claim under section 1385(c).

But even if the claim was not forfeited, the People argue defendant's claim must be rejected because the trial court did not have jurisdiction to resentence defendant under section 1172.75 to begin with. The People note the record does not indicate the CDCR or county correctional administrator sent the court any notice regarding defendant's eligibility for resentencing under section 1172.75. Instead, the resentencing proceedings were initiated by defendant's motion. Relying on *Burgess*, *supra*, 86 Cal.App.5th 375, the People assert that "[a]bsent the notice from the CDCR or secretary county correctional administrator, the court did not have jurisdiction to resentence [defendant]." The People thus argue that the judgment on resentencing "is void and must be reversed."

In his reply brief, defendant argues the People forfeited this argument

9

by not raising it in the trial court. However, it is well settled that we must consider the issue of jurisdiction, even if it was overlooked by the trial court and the parties below. (See *People v. Hoyt* (2020) 8 Cal.5th 892, 911 ["A claim of fundamental jurisdictional defect is not subject to forfeiture or waiver."]; *People v. Ford* (2015) 61 Cal.4th 282, 286 ["A claim based on a lack of fundamental jurisdiction may be raised for the first time on appeal."]; *People v. Lara* (2010) 48 Cal.4th 216, 225 [same].)[2] We thus consider whether the trial court had jurisdiction to entertain defendant's request to be resentenced under section 1172.75—and conclude it did not.

As a general rule, "the sentencing court loses jurisdiction to vacate or modify the judgment in a criminal case after the defendant has started to serve the sentence." (*People v. Williams* (2021) 65 Cal.App.5th 828, 832; accord, *People v. Karaman* (1992) 4 Cal.4th 335, 344.) There are exceptions to this rule. (*People v. King* (2022) 77 Cal.App.5th 629, 637.) For example, a defendant may obtain resentencing on a final judgment pursuant to "specific statutory avenues for incarcerated defendants to seek resentencing in particular cases," or a "properly filed" habeas corpus petition. (*Ibid.*)

Section 1172.75 is an exception to the general rule, permitting notification from the CDCR to vest the trial court with jurisdiction to review the judgment and recall and resentence a defendant. (See *People v. Cota*

---

[2] Though not mentioned by defendant, we also note the People did not file a cross-appeal from the judgment. We recognize that "[g]enerally, on a defendant's appeal 'the People may now obtain review of rulings adverse to the prosecution solely for the purpose of securing affirmance of the judgment, and not otherwise as to matters which could have been raised on a [People's appeal].' [Citations.]" (*People v. Rowland* (1988) 206 Cal.App.3d 119, 126.) "However, it is also 'well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the . . . reviewing court.' " (*Ibid.*)

(2023) 97 Cal.App.5th 318, 332 (*Cota*).) In *Burgess*, our colleagues in Division Three explained that "any review and verification by the court in advance of resentencing is *only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. [Citation.] Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384, italics added; accord, *Cota*, *supra*, 97 Cal.App.5th at p. 332; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447–448; *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) As such, the *Burgess* court held the trial court "lacked jurisdiction to adjudicate [defendant's] motion for resentencing" in the absence of the requisite notice from the correctional authorities. (*Burgess*, at p. 382.)

Here, the parties agree the record does not show that defendant was identified by the CDCR and/or the county correctional administrator in accordance with section 1172.75, subdivision (b) at any point. Accordingly, we agree with the People that the trial court lacked jurisdiction to provide *any* resentencing relief under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at pp. 381–382; accord, *People v. Escobedo*, *supra*, 95 Cal.App.5th at pp. 448–449; *People v. Newell*, *supra*, 93 Cal.App.5th at p. 268.) This means the trial court lacked jurisdiction to strike defendant's prior prison enhancements. It also means the trial court had no authority to then proceed under section 1172.75, subdivision (d)(2) and "apply any other changes in law that reduce sentences or provide for judicial discretion," including by considering whether to strike defendant's firearm enhancement pursuant to Senate Bill No. 620 and/or whether to dismiss his prior strike convictions pursuant to Senate Bill No. 81.

Thus, the September 25, 2023 judgment recalling defendant's prior

11

sentence and resentencing defendant under section 1172.75 is void.  (See *People v. Chavez* (2018) 4 Cal.5th 771, 780 ["When a court lacks fundamental jurisdiction, its ruling is void."]; *People v. Boyd* (2024) 103 Cal.App.5th 56, 71 [same]; e.g., *People v. Gray* (2024) 101 Cal.App.5th 148, 170 [court's orders pursuant to section 1172.75 recalling and modifying a defendant's original sentence "were ' "void on [their] face" ' "], citing *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200.)  On appeal from a void judgment or order, our appellate jurisdiction is limited to reversing the trial court's void acts.  (*People v. Gray*, *supra*, 101 Cal.App.5th at p. 170.)  We do so here. (*Ibid.*)

But even assuming the trial court had jurisdiction to resentence defendant under section 1172.75, we agree with the People that defendant's claim under section 1385(c) would fail on the merits.

Defendant's claim is premised on a statutory interpretation argument, which is that the plain language and legislative history of section 1385(c) demonstrate it applies to a decision whether to dismiss a strike.  However, as defendant acknowledges, numerous appellate courts, including this one, have rejected the argument identical to defendant's.  (See *Dain*, *supra*, 99 Cal.App.5th 399, review granted May 29, 2024, S283924 ["section 1385(c), by its terms, applies only when a trial court is considering whether to dismiss 'an enhancement,' and a sentence under the Three Strikes law is not an enhancement"] [First Dist., Div. Two]; *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1150, 1154, 1156 [same] [Fourth Dist., Div. Three]; *People v. Olay* (2023) 98 Cal.App.5th 60, 67 [same] [First Dist., Div. Five]; *Cota*, *supra*, 97 Cal.App.5th at p. 340 [same] [Fifth Dist.]; *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2 [same] [Third Dist.]; *Burke*, *supra*, 89 Cal.App.5th at pp. 243–244 [same] [Third Dist.].)  We see no reason to depart from these

12

decisions, incorporate by reference their reasoning, and reject defendant's argument.

### Restitution Fine

As noted, when defendant was originally sentenced in 2003, he was ordered to pay a $10,000 restitution fine under section 1202.4. In 2022, defendant's attorney asked the trial court to vacate the restitution fine based on inability to pay. In a written order issued on October 27, 2022, Judge Neel granted the request pursuant to section 1469.9, which she stated "requires the Court to determine at this point that the fine pursuant to [Penal Code section] 1202.4 is unenforceable and uncollectible." However, during the subsequent resentencing hearing on September 25, 2023, Judge Wilson, in pronouncing judgment, stated: "The financial penalties will remain as previously indicated at the time of sentencing." The abstract of judgment filed on September 27, 2023 lists a $10,000 restitution fine as a financial obligation.

According to defendant, "At the September 2023 resentencing, [Judge Wilson] did not mention [Judge Neel's] previous order. . . . Certainly, [Judge Wilson] made no explicit decision overruling the previous order [citation], and trial judges are generally prohibited from overruling one another in any case. [Citation.] So, this appears to be nothing more than a clerical oversight." Thus, defendant argues that the abstract of judgment must be amended to reflect Judge Neel's ruling. Defendant then alternatively argues that "[i]f this Court believes that this was not merely a clerical error but rather a decision overruling the previous order," we should "reverse [Judge Wilson's] decision." Relying on *In re Alberto* (2002) 102 Cal.App.4th 421 (*Alberto*), defendant argues that Judge Wilson "was not empowered to reverse [Judge Neel's] ruling." The People do not dispute these contentions and, indeed, they also request the abstract of judgment be modified to reflect the

13

restitution fine was vacated. We do not accept the People's concession.

*Alberto* held that a court, acting through the same judge, should be allowed to correct perceived legal errors, but the power of one judge to vacate and reverse the order of another judge is limited. (*Alberto*, *supra*, 102 Cal.App.4th at p. 427.) The rationale for this is rule is that "For one superior court judge, no matter how well intended, even if correct as a matter of law, to nullify a duly made, erroneous ruling of another superior court judge places the second judge in the role of a one-judge appellate court." (*Ibid*.)

It is not entirely clear whether Judge Wilson's ruling was based on mere oversight or actual disagreement with Judge Neel's ruling. Regardless, the fact remains there is a conflict in their rulings. To that end, Judge Wilson's ruling in effect had the consequence of overruling Judge Neel's ruling and reinstating imposition of the restitution fine. But assuming arguendo this was error, *Alberto* states that " 'an appellate court cannot *reverse* a trial court's ruling which correctly follows the law merely because it disagrees with an earlier, incorrect ruling.' " (*Alberto*, *supra*, 102 Cal.App.4th at p. 431; see *People v. Goodwillie* (2007) 147 Cal.App.4th 695, 714 [error in reversing first judge's order does not require reversal absent prejudice as a result of error]; *People v. Edward D. Jones & Co.* (2007) 154 Cal.App.4th 627, 634 [even if second judge should not have effectively overruled a first judge's order on demurrer by ruling on a motion for judgment on the pleadings, the error must still be analyzed on the merits for prejudice]; *Prickett v. Bonnier Corp.* (2020) 55 Cal.App.5th 891, 897–898 ["[A]ny error in rehearing the motion resulted in the correct result, making it ineluctably harmless."].) Here, to the extent Judge Wilson overruled the prior ruling, any such error was harmless, because the prior ruling was void for lack of jurisdiction from the start.

As mentioned, the general rule is that once execution of a sentence has begun, the trial court does not have jurisdiction to resentence a defendant, including by modifying or vacating a restitution fine. (See *People v. King*, *supra*, 77 Cal.App.5th at p. 637.) Here, the judgment became final and the execution of defendant's sentence began long before he asked the court to vacate his restitution fine. Unless an exception to the general rule applied, Judge Neel did not have jurisdiction to rule on defendant's request. (See *ibid*.) Defendant identifies no such exception.

Although the trial court resentenced defendant under section 1172.75, we have concluded it lacked jurisdiction to resentence defendant under that provision.

Nor did section 1465.9 confer upon the trial court jurisdiction to vacate the restitution fine. Assembly Bill No. 177 amended section 1465.9 to provide that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection . . . 1202.4 . . . as [that] section[ ] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35; § 1465.9, subd. (b).) Assembly Bill No. 177 also repealed and then re-enacted section 1202.4, eliminating former subdivision (*l*), which authorized county administrators to impose an administrative fee to cover the costs of collection the restitution fine. (Stats. 2021, ch. 257, §§ 19, 20.) This repeal, however, left the rest of section 1202.4 intact, including the authorization of restitution fines (§ 1202.4, subd. (b)). Thus, contrary to Judge Neel's determination, section 1465.9 does not render invalid restitution fines under section 1202.4. As such, section 1465.9 does not provide a means for reducing or vacating defendant's restitution fine.

Defendant argues that although the trial court struck the fine under

15

section 1465.9, it "would also have been permitted to vacate the fine under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 based on [his] unchallenged inability to pay." However, defendant provides no authority establishing that a claim under *Dueñas* or an assertion of an inability to pay, unattached to some ongoing action, authorized the trial court to entertain his request to vacate the fine.

Accordingly, because we conclude Judge Neel lacked jurisdiction to consider defendant's request to vacate his restitution fine, her order vacating that fine is void. Thus, even if Judge Wilson erred in overruling the prior ruling and reinstating the restitution fine, any such error was harmless and not subject to reversal.

## DISPOSITION

The portion of the September 15, 2023 judgment recalling defendant's original sentence and resentencing him pursuant to section 1172.75 is vacated. The original sentence of 127 years to life in state prison is reinstated. In all other respects, the September 25, 2023 judgment is affirmed. The clerk of the trial court is directed to prepare an amended abstract of judgment that correctly lists the sentence, enhancements, prior strike convictions, and restitution fine, and to forward a copy to the CDCR.

_____

RICHMAN, J.

We concur.

_____

STEWART, P.J.

_____

MILLER, J.

(*People v. Cooper A168918*)

17