Filed 11/9/23  P. v. Mendoza CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B323588 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA130003) |
| v. |  |
| ROBERT ANGEL MENDOZA, |  |
| Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert Serna, Judge. Reversed and remanded with directions.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

After a jury convicted Robert Angel Mendoza (defendant) of arson, the trial court orally imposed a prison sentence but no fines or assessments.  However, the minute order and abstract of judgment reflected fines and assessments.  This was error.  We accordingly strike those fees and assessments and remand for their proper imposition, and to give defendant the opportunity to argue that he lacks the ability to pay the $370 to be imposed.

## FACTS AND PROCEDURAL BACKGROUND

In September 2021, defendant—who was 46 years old at the time—was living in the detached garage behind his mother's house.  After she kicked him out, he broke back in and, in a fit of pique, set it ablaze.

The People charged defendant with one felony count of arson (Pen. Code, § 451, subd. (c)).[1]  The People further alleged that defendant had nine prior felony convictions (§ 1203, subd. (e)(4)).

In August 2022, a jury found defendant guilty as charged.

Later that same month, the trial court sentenced defendant to the upper term of six years in state prison, and imposed a 10-year criminal protective order.  The trial court did not impose any restitution fines, fees, or other assessments.

In a subsequently issued minute order and abstract of

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

judgment, the court clerk indicated that the trial court had ordered defendant to pay: (1) a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); (2) a $300 parole revocation restitution fine (Pen. Code, § 1202.45), which the court stayed; (3) unspecified victim restitution (Pen. Code, § 1202.4, subd. (f)); (4) a $30 criminal conviction assessment (Gov. Code, § 70373); and (5) a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)).

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues that the fines and assessments reflected in the minute order and abstract of judgment must be stricken because the trial court did not impose them as part of its oral pronouncement of sentence. As the People concede, defendant is correct on this point. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-389.) We must therefore remand this matter to the trial court to orally impose these fines and assessments. Defendant asserts that the imposition of these fines and assessments may violate due process if he is unable to pay them, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Because the validity of *Dueñas* is still pending before our Supreme Court (see *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946), defendant remains free to raise that argument on remand.

This appeal is also procedurally proper. Section 1237.2 requires a defendant who, on appeal, is challenging only the calculation of fines, assessments, or fees to first call that error to the attention of the trial court, even if that appeal is already pending; failure to do so bars the appeal. (§ 1237.2.) Defendant had yet to comply with this procedure at the time the People filed

3

their respondent's brief, but brought himself into compliance five days before filing his reply brief on appeal.  In light of the People's concession of error on the merits, we solicited the parties' input on how best to get this matter back before the trial court for further proceedings.  The parties filed a joint response in which they agreed that the appeal was now procedurally proper, that the trial court's sentencing error warranted remand, that oral argument (and notice of oral argument) should be waived, and that it would be "more efficient and fair" (presumably, for the parties) for this Court to issue an opinion rather than the parties stipulating to a remand.

**DISPOSITION**

The matter is reversed and remanded to the trial court to (1) strike the fines and assessments from the minute order of sentencing and the abstract of judgment; and (2) conduct an ability to pay hearing to determine what fines or assessments should be imposed.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ

5